Justin AYRES, Movant/Appellant,

v.

STATE of Missouri, Defendant/Respondent.

No. ED 80761.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 24, 2002.

Kent Denzel, Assistant Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Andrea Mazza Follett, Assistant Attorney General, Jefferson City, MO, for respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Justin Ayres (Movant) appeals from a judgment denying his request for post-conviction relief under Rule 29.15[1] without an evidentiary hearing. Movant claims ineffective assistance of trial counsel in eliciting certain evidence, failing to request submission of a lesser-included offense instruction, and misinforming Movant of a maximum sentence if convicted at trial. We affirm in part and remand in part.

*Factual and Procedural Background*

A jury found Movant guilty of first-degree assault, in violation of Section 565.050,[2] and armed criminal action, in violation of Section 571.015, as an aider and abettor. The convictions arose from an incident in which Tony Boyster (Tony)[3] stabbed Brian Skiles (Brian), causing serious injury, with the aid or encouragement of Movant. The trial court sentenced Movant to concurrent terms of ten and three years' imprisonment respectively. This Court affirmed Movant's convictions and sentences in a per curiam order. *State v. Ayres,* 27 S.W.3d 853 (Mo.App. E.D.2000).

Movant thereafter filed a motion for post-conviction relief under Rule 29.15, claiming ineffective assistance of trial counsel. The motion court denied Movant's motion with a docket entry, from which Movant appealed. We remanded to the motion court for findings of fact and conclusions of law on Movant's claims that comply with Rule 29.15(j). *Ayres v. State,* 62 S.W.3d 629, 630 (Mo.App. E.D.2001). Subsequently, the motion court issued findings of fact and conclusions of law and denied Movant's motion without an evidentiary hearing. Movant appeals from this judgment.

*Standard of Review*

 Appellate review of the motion court's action on a post-conviction motion filed under Rule 29.15 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). The motion court's findings and conclusions are clearly erroneous if a review of the entire record leaves us with the impression that a mistake has been made. *State v. Storey,* 901 S.W.2d 886, 900 (Mo. banc 1995). The findings and conclusions of the motion

---

1. All rule references are to Mo. R.Crim. P.2002, unless otherwise indicated.

2. All statutory references are to RSMo.2000, unless otherwise indicated.

3. Because certain witnesses have the same last name, we refer to each by their respective first names. We intend no disrespect to the individuals.

court are presumed to be correct. *Huth v. State*, 976 S.W.2d 514, 516 (Mo.App. E.D. 1998).

The Sixth Amendment to the United States Constitution, applicable to the states by the Fourteenth Amendment, guarantees an accused in a state criminal proceeding not only the right to the assistance of counsel, but the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Luckett v. State*, 845 S.W.2d 616, 617 (Mo.App. E.D.1992).

To obtain post-conviction relief on a claim of ineffective assistance of counsel, a movant must prove by a preponderance of the evidence that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *Sidebottom v. State*, 781 S.W.2d 791, 795 (Mo. banc 1989). We need not address both components of the inquiry if the movant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052; *Sidebottom*, 781 S.W.2d at 796.

To prove deficiency, a movant must show that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances. *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052; *Sidebottom*, 781 S.W.2d at 795. Counsel is presumed competent. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *Sidebottom*, 781 S.W.2d at 796. Counsel's challenged acts or omissions are presumed to be proper and reasonable trial strategy. *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052; *Sidebottom*, 781 S.W.2d at 796. We evaluate the challenged conduct from counsel's perspective at the time. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

To prove prejudice, a movant must show that, but for counsel's deficient performance, there was a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052; *Sidebottom*, 781 S.W.2d at 796. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

■■■ An evidentiary hearing on a post-conviction motion filed under Rule 29.15 is required only if (1) the motion alleges facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the files and the records in the case; and (3) the matters of which the movant complains have resulted in prejudice. *State v. Brooks*, 960 S.W.2d 479, 497 (Mo. banc 1997). Thus, with respect to claims related to ineffective assistance of counsel, to obtain an evidentiary hearing, the movant must allege facts, not refuted by the record, showing that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and that the movant was thereby prejudiced. *Id.*

### Discussion

Movant raises three points on appeal. In his first point, Movant argues that the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing because trial counsel unreasonably adduced prejudicial evidence that Movant had, on a previous occasion, swung a baseball bat at Brian.

In its judgment denying Movant's motion for post-conviction relief, the motion court found the following as related to this claim:

In light of the fact that evidence of motive was allowed into evidence, and considering the fact that the Movant testified that he did not do such act (i.e. Movant claiming that he did not throw a piece of lead at victim), counsel strategy

appears to be challenging the veracity of these statements by refuting them with Movant's testimony. Furthermore, Movant has failed to show how the failing to admit this evidence would have resulted in a different verdict.

■ Chad Skiles (Chad), Brian's brother, testified for the State. On re-direct examination, the prosecutor asked Chad whether he was aware of or had seen Movant do anything aggressive or threatening towards Brian, to which Chad stated that he had within the past month. The prosecutor asked no further questions. During re-cross examination, the following exchange occurred between Chad and trial counsel:

> Q. Do you want to tell the jury what [Movant] did in threatening your brother?
>
> A. I watched him swing at him with a bat.
>
> Q. Do you know what started that fight?
>
> A. [Movant's] ex-girlfriend.
>
> Q. Do you know who started that fight?
>
> A. Yes, I do.
>
> Q. Who is that?
>
> A. [Movant].
>
> [Trial Counsel]: I have no further questions.

We find that Movant has made an insufficient showing of prejudice as a result of trial counsel's elicitation of this evidence, and therefore we need not address the deficient performance component of the inquiry. According to Movant, his defense was that he did not know that Tony intended to assault Brian and that the above quoted evidence "told the jury that [Movant] had a motive to assault Brian." However, the record reveals other evidence that spoke to Movant's motive.

Prior to Chad's testimony, Brian testified that he and Movant had problems and that Movant wanted to fight him over a girl. He further testified that within a month prior to the incident, Movant had made an attempt on his life by "chucking a piece of lead" at him where they both worked. Shawn Copeland, a State's rebuttal witness, testified that he saw Movant throw a ball of lead about the size of a baseball and weighing about three to four pounds that hit Brian in the back of the head. The lead ball knocked Brian's helmet off his head. Also prior to Chad's testimony, Belinda Boyster, Tony's estranged wife who was present at the incident, testified that a problem existed between Movant and Brian and that Brian had dated Movant's fiancee at the time. Don Castello, another State's rebuttal witness, testified that Movant and Brian had some conflicts because of some personal matters and that he heard Movant comment, "Brian better watch his back."

As a defense witness, Kevin Fenwick testified that Movant and Brian had gotten in a fight several months earlier at a bar, after which Movant was ejected from the bar. Roy Logston, owner of the bar, testified that his policy is that the person who causes the fight is ejected from the bar. Tony testified that although at the time he did not know that Movant and Brian had problems, he had heard that Movant was angry at Brian for dating Movant's girlfriend. John Gaylor, who accompanied Movant and Tony to the scene, testified that he knew that Movant and Brian disliked each other. Movant confirmed that he disliked Brian because Brian had dated his girlfriend about a month prior.

We are unpersuaded by Movant's argument that this evidence could not have had the same impact on the jury that the above quoted evidence could have had. A jury could equally infer from this evidence that

Movant had a motive to assault Brian. In light of this evidence and the additional evidence of Movant's guilt, we do not find a reasonable probability that the result of the proceeding would have been different had trial counsel not elicited the above quoted evidence.

Accordingly, Movant has made an insufficient showing of prejudice as a result of trial counsel's elicitation of the above quoted evidence, and therefore the motion court did not clearly err in denying Movant's motion without an evidentiary hearing as to this claim. Movant's point one on appeal is denied.

In his second point on appeal, Movant argues that the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing because trial counsel failed to consult with Movant and to offer a verdict-directing instruction for the lesser-included offense of second-degree assault. Movant maintains that Tony's testimony that he did not remember stabbing Brian was evidence by which the jury could have acquitted Movant of the greater offense and convicted him of the lesser offense.

In its judgment denying Movant's motion for post-conviction relief, the motion court found the following as related to this claim:

> ... Movant alleges that trial counsel unreasonably failed to confer with Movant and seek a lesser-included offense instruction for assault second-degree. The Court need not address this issue, as it is not a cognizable claim. An issue decided on direct appeal cannot be relitigated in a post-conviction relief proceeding under ineffective assistance of counsel theory. *Leisure v. State,* 828 S.W.2d 872 (Mo. banc 1992). Movant raised this point in direct appeal and the Appeals Court found no plain error in the Trial Court failing to give an instruc-

tion on the lesser-included offense of assault in the second-degree. Movant further claims that trial counsel was ineffective in that if trial counsel would have conferred with Movant in regard to a lesser-included offense instruction, he would have requested that the instruction be given. This issue was addressed in Movant's Point V in his direct appeal. There, the Eastern District Court of Appeals reviewed the matter for plain error. The Court of Appeals went on to state, "In addition, there is no evidence to support giving a second-degree assault instruction." Thus, having been previously litigated on direct appeal, Movant's point is denied.

Issues decided upon direct appeal cannot be relitigated on a theory of ineffective assistance of counsel in a post-conviction proceeding. *Leisure,* 828 S.W.2d at 873. Although a finding of no plain error on a direct appeal does not necessarily require a finding of no prejudice on a post-conviction relief motion, the facts that form the bases of a finding of no plain error may also form the bases of no prejudice on a post-conviction motion. *Deck v. State,* 68 S.W.3d 418, 424, 426 (Mo. banc 2002).

In the direct appeal of this case, Movant alleged that the trial court erred in not instructing the jury *sua sponte* on the lesser-included offense of second-degree assault. As this issue was not preserved for appeal, we reviewed for plain error, and we found none. In so doing, we found the following:

> ... [T]here is no evidence to support giving a second-degree assault instruction. Defendant's theory at trial was that he knew nothing at all about an assault planned by Tony, but believed they were only going there to pick up Tony's daughter. If the jury believed

that theory, Defendant would be innocent of both first-degree assault and second-degree assault. Defendant offered no evidence to show he or Tony acted recklessly. Section 565.060.1(3), RSMo. 1994. Tony himself never testified that he did not intend to inflict serious physical injury on Brian. Tony only testified he did not remember exactly what happened, but did admit stabbing Brian. Point denied.

(emphasis added).

█ Although in his direct appeal Movant alleged trial court error and in his post-conviction proceeding Movant alleged trial counsel error in not requesting submission of the lesser-included instruction, the facts forming the bases for finding error or not in either scenario are the same; namely, whether the evidence supported acquitting the defendant of the greater offense and convicting the defendant of the lesser offense. The trial court is not obligated to give a lesser-included offense instruction unless the evidence supports acquitting the defendant of the greater offense and convicting the defendant of the lesser offense. *State v. Hineman,* 14 S.W.3d 924, 927 (Mo. banc 1999). On direct appeal, we decided the issue of whether the evidence supported giving a second-degree assault instruction, and we concluded that such evidence did not exist. Therefore, the trial court would not have been obligated to give the lesser-included instruction had trial counsel requested one, and we will not hold trial counsel ineffective for not doing so.

Accordingly, Movant has not satisfied the requirements to obtain a hearing on this claim. Therefore, the motion court did not clearly err in denying Movant's motion without an evidentiary hearing as to his claim that trial counsel failed to consult with Movant and to offer an instruction for the lesser-included offense of second-degree assault. Movant's point two on appeal is denied.

█ In his third point on appeal, Movant argues that the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing because trial counsel misinformed Movant that he faced a maximum sentence of five years if convicted at trial.[4] Movant maintains that counsel's action prejudiced Movant because had he been correctly advised of the range of punishment, Movant would have accepted a plea offer of seven years' imprisonment on second-degree assault.

In its judgment denying Movant's motion for post-conviction relief, the motion court found the following as related to this claim:

… Movant alleges that trial counsel misinformed him that he faced a prison sentence of at most five years if convicted at trial. …. Movant further states that Counsel's misadvice resulted in Movant unknowingly objecting (sic) to a state plea offer of seven years imprisonment for assault second degree. On Post–Conviction relief for a claim of ineffective assistance of counsel on failure to relay the prosecutor's (sic), the Movant has the burden of showing with reasonable probability that he would have accepted the offer instead of standing trial. The Movant has provided no evidence or testimony that he would have accepted the offer had he been adequately informed. Furthermore, from the Movant's trial strategy that he knew nothing at all about an assault planned by the co-defendant, Movant could not have be (sic) provided an adequate factual basis for a plea of guilty, even to a

4. The minimum sentence for first-degree assault, the crime with which Movant was charged, is ten years' imprisonment. Section 565.050; Section 558.011.

lesser charge of assault in the second-degree. Based upon the Movant's failure to provide evidence showing a reasonable probability that he would have accepted a plea to a lesser charge, Movant's point is denied. In order to be granted an evidentiary hearing, Movant must allege what the testimony would have been, and how it would have materially affected his case. *Moore v. State*, 927 S.W.2d 939 (Mo.App. S.D.1996); *see also State v. McGuire*, 892 S.W.2d 381 (Mo.App. E.D.1995). In his motion, Movant does not allege what his testimony would have been and how it would have affected the outcome of the suppression (sic) hearing.

In his motion for post-conviction relief, Movant alleged that prior to the jury trial, the State made a plea offer of seven years' imprisonment for second-degree assault and that Movant rejected this offer "on the advice of counsel, who informed Movant that he faced at most a five year sentence if convicted at a jury trial." Therefore, Movant argued, his rejection of the State's offer was unknowing and involuntary. Movant further alleged that he was prejudiced in that had trial counsel provided competent advice, Movant would have accepted the State's plea offer, pled guilty pursuant to that offer, and the trial court would have accepted the plea agreement and sentenced Movant accordingly. Thus, Movant would be serving a seven-year sentence instead of a ten-year sentence.

 The State concedes that we should remand this claim for an evidentiary hearing. We agree. Movant alleged that trial counsel misinformed him about the maximum sentence that he could receive if convicted at trial. It is the duty of counsel to advise a client of the possible consequences of trial so that the client may make an informed decision as to whether to accept or to reject a plea agreement. *Brown v. State*, 821 S.W.2d 113, 116–117 (Mo.App. W.D.1991). As the State notes, the record does not refute Movant's allegation that trial counsel advised Movant that he faced a maximum sentence of five years if convicted at a jury trial.

As quoted above, the motion court cited two cases for the proposition that "to be granted an evidentiary hearing, Movant must allege what the testimony would have been, and how it would have materially affected his case." However, the issue in these cases is a defendant alleging ineffective assistance of counsel for failing to call a witness at trial. Movant has alleged with a reasonable probability that he would have accepted the State's plea offer instead of standing trial. *See State v. Colbert*, 949 S.W.2d 932, 945–946 (Mo.App. W.D.1997) (reversing and remanding for an evidentiary hearing on the movant's claim of ineffectiveness of counsel in failing to communicate a plea offer). An evidentiary hearing will allow Movant the opportunity to present evidence and testimony regarding trial counsel's alleged misinformation and Movant's allegation that he would have accepted the State's plea offer instead of standing trial had he been properly informed by trial counsel. The motion court will have the opportunity to judge the credibility of the witnesses at the hearing.[5]

The matters alleged prejudiced Movant because Movant claims he rejected the State's plea offer on the advice of trial counsel. In reliance on trial counsel's alleged erroneous information, Movant decided to plead not guilty and to go to trial, resulting in his receiving a ten-year sentence. *See Hao v. State*, 67 S.W.3d 661,

**5.** We defer to the motion court's superior opportunity to judge the credibility of the witnesses. *Payne v. State*, 21 S.W.3d 843, 844 (Mo.App. E.D.1999).

663 (Mo.App. E.D.2002) (reversing and remanding for an evidentiary hearing on the movant's claim of ineffective assistance of counsel for erroneously advising him about his parole eligibility). Had trial counsel provided Movant with accurate sentencing information, Movant allegedly would have accepted the State's plea offer, and thus he would be serving a seven-year sentence rather than a ten-year sentence.

Accordingly, Movant has sufficiently satisfied the requirements to obtain a hearing on this claim. Therefore, the motion court clearly erred in denying Movant's motion without an evidentiary hearing as to his claim that trial counsel misinformed Movant that he faced a maximum five-year sentence if convicted at trial. Movant's point three on appeal is granted.

## Conclusion

The judgment of the motion court is affirmed in part and remanded in part for an evidentiary hearing on Movant's claim that trial counsel misinformed Movant that he faced a maximum five-year sentence if convicted at trial.

WILLIAM H. CRANDALL, JR., P.J., and GLENN A. NORTON, J., concur.