**William R. WHITED, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 86584.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 18, 2006.

Scott Thompson, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty Gen., Stephanie Morrell, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, William R. Whited ("Movant"), appeals from the judgment of the Circuit Court of St. Francois County denying his amended Rule 29.15 motion for post-conviction relief without an evidentiary hearing. Following a jury trial, Movant was convicted of one count of domestic assault in the second degree, section 565.073, RSMo 2000.[1] Movant was sentenced as a prior and persistent offender to twenty years of imprisonment. Movant's conviction was affirmed in *State v. Whited*, 144 S.W.3d 315 (Mo.App. E.D.

2004). We reverse and remand in part and affirm in part.

The following facts, which are relevant to this appeal, were adduced at Movant's trial:

Movant and Lori Wilkerson ("Wilkerson") dated for about two years prior to March 13, 2002. On March 13, 2002, Movant arrived at Wilkerson's home. Movant and Wilkerson then began to argue. Wilkerson testified that Movant hit her in the face, eye, stomach, and on the top of her head ("the alleged altercation"). Wilkerson further stated that as a result of the alleged altercation, she sustained a split lip, a cut and bruise on her eye, a knot on her head, and knee pain.

The jury found Movant guilty of one count of domestic assault in the second degree. Subsequently, Movant was sentenced as a prior and persistent offender to twenty years of imprisonment. Movant's conviction was affirmed in *State v. Whited*, 144 S.W.3d 315 (Mo.App. E.D. 2004).

On December 30, 2004, Movant filed a pro se Rule 29.15 motion for post-conviction relief. After the court appointed counsel for Movant, Movant filed an amended Rule 29.15 motion for post-conviction relief on April 5, 2005. On June 27, 2005, the motion court denied Movant's amended Rule 29.15 motion without an evidentiary hearing. This appeal by Movant followed.

Our review is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k). The motion court's findings and conclusions are clearly erroneous if, after reviewing the entire record, we have the definite and firm impression that a mistake has been made. *Williams*

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

*v. State*, 168 S.W.3d 433, 439 (Mo.banc 2005). A movant may obtain an evidentiary hearing on a Rule 29.15 motion only if: (1) the motion alleges facts, not conclusions, which warrant relief; (2) the facts alleged raise matters which are not refuted by the record; and (3) the facts alleged establish prejudice. *Id.*

In order to prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that: (1) counsel's performance did not conform to the standards of a reasonably competent attorney; and (2) the movant was prejudiced thereby. *Id.* To show prejudice, a movant must demonstrate that, but for counsel's poor performance, there is a reasonable probability that the result of the proceeding would have been different. *Id.*

■■■ In order for a movant to succeed on a claim of ineffective assistance of counsel for failure to call a witness, he must demonstrate that: (1) counsel knew or should have known of the witness' existence; (2) the witness could have been located through a reasonable investigation; (3) the witness would testify; and (4) the testimony of the witness would provide the movant with a viable defense. *Id.* at 441. Counsel's decision to not call a witness to testify is presumptively a matter of trial strategy and will not support a movant's claim of ineffective assistance of counsel unless the movant clearly establishes otherwise. *Id.*

In his first point on appeal, Movant contends the motion court clearly erred in denying his amended Rule 29.15 motion because his trial counsel was ineffective for failing to call William Rigel ("Rigel") as a witness.

■■ When the testimony of the witness would only impeach the state's witnesses, relief on a claim of ineffective assistance of counsel is not warranted. *Lane v. State*, 778 S.W.2d 769, 771 (Mo.App. E.D.1989). However, when the testimony of the witness would also negate an element of the crime for which a movant was convicted, the testimony provides the movant with a viable defense. *See Williams v. State*, 8 S.W.3d 217, 219–20 (Mo.App. E.D.1999).

■■ In this case, it is undisputed that Movant has demonstrated that: (1) counsel knew of Rigel's existence; (2) Rigel could have been located through a reasonable investigation; and (3) Rigel would testify. Thus, the only issue is whether Movant alleges sufficient facts showing that Rigel's testimony would provide Movant with a viable defense. Movant maintains that Rigel, Wilkerson's boyfriend around the time of Movant's jury trial, would testify that: (1) Wilkerson planned the entire incident because she was angry with Movant; and (2) Wilkerson told Rigel that she beat herself in the face and possibly cut herself on the forehead.

Movant was charged with, and ultimately convicted of, the crime of domestic assault in the second degree. The relevant jury instruction submitted during Movant's trial provided in pertinent part that:

> ... if you find and believe from the evidence beyond a reasonable doubt ... that ... [Movant] *knowingly caused physical injury to [Wilkerson]* by hitting her in the face with his hands ... then you will find [Movant] guilty ... of domestic assault in the second degree (emphasis added).

Furthermore, section 565.073.1(1) states that:

> [a] person commits the crime of domestic assault in the second degree if the act involves ... an adult who is or has been in a continuing social relationship of a romantic or intimate nature with the actor ... and *he ... knowingly causes physical injury to such [a per-*

*son].* Section 565.073.1(1) (emphasis added).

Accordingly, an element of the crime of domestic assault in the second degree is that one knowingly causes physical injury to another. Furthermore, in order for Movant to be convicted pursuant to the above jury instruction, the evidence had to show beyond a reasonable doubt that Movant knowingly caused physical injury to Wilkerson by hitting her in the face.

The only two witnesses for the State were Wilkerson and Officer Gary Gersenslager ("Officer Gersenslager"). Wilkerson provided the only direct testimony that Movant caused physical injury to her face when she testified that Movant hit her causing her to sustain, *inter alia,* a split lip and a cut and bruise on her eye. Officer Gersenslager testified in relevant part that: (1) Wilkerson told him that Movant hit her several times; (2) he saw that Wilkerson was physically injured; and (3) it appeared that Wilkerson was assaulted.

Rigel's purported testimony that Wilkerson told him that she beat herself in the face and possibly cut herself on the forehead in part serves as impeachment of Wilkerson and Officer Gersenslager's testimony. However, because Rigel's testimony establishes that Movant did not cause physical injury to Wilkerson by hitting her in the face, this testimony also would negate an element of the crime of domestic assault in the second degree and provide Movant with a viable defense. Accordingly, the motion court's refusal to grant Movant an evidentiary hearing on this matter is clearly erroneous. *See Williams,* 8 S.W.3d at 220. Therefore, we remand this case to the motion court with instructions to conduct an evidentiary hearing to allow Movant an opportunity to prove his allegations under this point on appeal. Point granted.

In his second point on appeal, Movant asserts the motion court clearly erred in denying his amended Rule 29.15 motion because his trial counsel was ineffective for failing to call Denver Cunningham ("Cunningham") and Shawn Roberts ("Roberts") as witnesses.

When the testimony of the witness would not unqualifiedly support a movant, failure to call such a witness does not amount to ineffective assistance of counsel. *Worthington v. State,* 166 S.W.3d 566, 577 (Mo.banc 2005).

In this case, it is undisputed that Movant has demonstrated that: (1) counsel knew of Cunningham and Roberts' existence; (2) they could have been located through a reasonable investigation; and (3) they would testify. Thus, the only issue is whether Movant alleges sufficient facts showing that Cunningham and Roberts' testimony would provide Movant with a viable defense. Movant argues that Cunningham and Roberts, two firefighters who worked at a firehouse across the street from Wilkerson's house, would testify that they witnessed Movant and Wilkerson arguing in the front of Wilkerson's house, but did not witness a physical altercation between the two.

Wilkerson testified at trial that Movant hit her at least twice in the face inside of her house before Movant took her outside and hit her again. This testimony reveals that part of the alleged altercation took place inside of Wilkerson's home and part of the alleged altercation took place outside of Wilkerson's home. Because Cunningham and Roberts' purported testimony only relates to the part of alleged altercation which occurred outside of Wilkerson's home, their testimony would not unqualifiedly support Movant. Thus, the failure to call Cunningham and Roberts as witnesses does not amount to in-

effective assistance of counsel. Therefore, because Movant has not alleged facts warranting relief, Movant is not entitled to an evidentiary hearing on his allegations under this point on appeal. Point denied.

Based on the foregoing, we reverse and remand this case for an evidentiary hearing on Movant's claim under his first point on appeal, and affirm the motion court's rulings on Movant's claim under his second point on appeal.

GEORGE W. DRAPER III, and KENNETH M. ROMINES, JJ. concur.