Donald C. McCLENDON, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 87802.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 30, 2007.

See also 157 S.W.3d 343.

Lisa M. Stroup, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Jefferson City, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

Donald McClendon ("Movant") appeals from the Circuit Court of the City of St. Louis denying his Rule 29.15 motion for post conviction relief without an evidentiary hearing. We affirm in part and remand in part.

### Factual and Procedural Background

On May 30, 2003, officers responded to a call in Florissant, Missouri. The officers were told that someone matching Movant's description was attempting to steal a car. The officers discovered Movant in a car in which the rear window had been broken, the interior ransacked and the steering column broken in a manner consistent with an attempt to start the vehicle without a key. Movant ran but officers apprehended him fifty yards from the car, with items from the car in his pockets. Movant was charged with the class D felony of attempted stealing of a motor vehicle in violation of Section 564.011.[1]

Movant was charged as a prior offender pursuant to Section 588.016. At the time Movant was charged, the maximum punishment for a prior offender with a class D felony was ten years. On June 27, 2003, legislation reducing the sentencing enhancement under Section 588.016 took effect. Thereafter, the maximum punishment for a class D felony was reduced to "any sentence authorized for a class C felony." The maximum punishment for a class C felony is seven years.

Before trial, Movant's attorney mailed Movant a letter in which he advised Movant that he could receive a maximum sentence of seven years if he went to trial. Movant alleges that the State offered Movant a plea agreement with a maximum recommended sentence of seven years, which Movant rejected because he believed it was the maximum sentence. Movant alleges that he was first advised that the maximum sentence was ten years on the day of trial. Before trial, Movant attempted to enter a blind guilty plea. The court rejected the plea and the case proceeded to trial.

After a jury trial, Movant was found guilty and sentenced as a prior and persistent offender to nine years. Movant appealed and this court affirmed the sentence in *State v. McClendon*, 157 S.W.3d 343 (Mo.App. E.D.2005). Movant filed a *pro se* motion for post conviction relief and counsel filed an amended motion. The motion was denied without an evidentiary hearing on February 9, 2006. Movant appealed, alleging that the motion court erred in denying his claims without an evidentiary hearing.

### Standard of Review

Our review of the motion court's denial of post-conviction relief is limited to a determination of whether the motion court clearly erred in finding that counsel was not ineffective. *Helmig v. State*, 42 S.W.3d 658, 665–66 (Mo.App. E.D.2001). We will find that the motion court clearly erred if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc.2000). The standard of review of the motion court's denial of relief is limited to

1. All statutory references are to RSMo.2000 unless otherwise indicated.

a determination of whether the court's findings and conclusions are clearly erroneous. *Dorsey v. State*, 115 S.W.3d 842, 845 (Mo. banc 2003).

### Discussion

In his first point, Movant argues that the motion court clearly erred in denying his motion without an evidentiary hearing when trial counsel misinformed Movant as to the maximum sentence he could receive for the crime. More specifically, Movant alleges that trial counsel advised him that the maximum sentence for his crime was seven years' imprisonment, when it was actually ten years. Movant claims that because he thought the maximum sentence was seven years he rejected the State's offer to plead guilty and receive seven years and went to trial, where he received a sentence of nine years. Movant alleges that after the jury was selected, trial counsel informed him for the first time that the maximum sentence was ten years, rather than seven years. Movant claims he immediately asked to enter a blind guilty plea, but the court refused to accept the plea and went forward with the trial, eventually sentencing Movant to nine years' imprisonment. Movant argues that the motion court erred in concluding that he had not received ineffective assistance of counsel and that he was not prejudiced. Respondent argues that Movant was not prejudiced because the trial court is not required to accept a guilty plea and because appellant's assertions have "nothing to do with the fairness of his trial."

■ To plead and prove ineffective assistance of counsel, the post-conviction movant must show that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and that the defendant was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052,

80 L.Ed.2d 674 (1984). We need not address both components of the inquiry if the movant makes an insufficient showing on one. *Id.* at 697, 104 S.Ct. 2052. A motion court is not required to grant an evidentiary hearing on a claim for post-conviction relief unless: (1) the facts alleged are not refuted by the record; (2) the movant pleads facts that if true would warrant relief; and (3) the matter complained of resulted in prejudice to the movant. *Dorsey*, 115 S.W.3d at 844–45.

■ Here, Movant has satisfied all three requirements and should have been granted an evidentiary hearing. As an initial matter, we note that the record does not refute Movant's factual allegations. The legal file contains a letter from Movant's counsel dated September 12, 2003, stating in relevant part: "You are charged as a prior and persistent offender with: Attempt [sic] stealing of a motor vehicle. The minimum and maximum sentence you could receive for this charge is: One (1) day to Seven (7) years." Emphasis in original.

The record also reflects that Movant attempted to enter into a blind plea agreement after the jury was sworn, which was rejected by the court. During sentencing Movant stated that he had not wanted to go to trial. When asked why he did not take the State's offer, Movant stated "I mean, it's seven years ... I believe we could have went down other avenues ..." Thus, Movant's allegation that if he had known the maximum sentence he would have accepted the plea offer rather than going to trial is not refuted by the record. An evidentiary hearing would allow Movant the opportunity to present more evidence regarding his claim that he was misinformed by counsel and would have accepted the State's plea offer had he been properly informed as to the maximum length of the sentence.

Turning to the second requirement, Movant pleaded facts, that, if true, warrant relief. The motion court found that Movant was not entitled to relief because "at the time of trial, the question of the alteration of the range of punishment for prior and persistent offenders was undecided at the time of trial [sic]—as reflected by the memorandum of the Court of Appeals accompanying its summary affirmance of this case." The motion court does not cite to any authority for this conclusion. However, it appears that the court is referring to *State v. Johnson*, 150 S.W.3d 132 (Mo. App. E.D.2004).

In *Johnson*, this court reiterated that, under Section 1.160,[2] when the change of a sentencing structure for an offense occurs, the defendant must be sentenced according to the law in effect *at the time of the offense* unless a change occurred in the law creating the offense itself. *Id.* at 138. The court found that the amendment to Section 558.016 would therefore not apply retroactively, as it is not a statute creating offenses, but a statute permitting enhancement of sentences for prior and persistent offenders. See *Id.*

The motion court's reasoning that the "questionable" retroactivity of Section 558.016 relieved his trial counsel's duty to properly inform him of the *possible* consequences of trial is fundamentally flawed. First, it was hardly "questionable" that the lessened enhancement of prior and persistent offender sentences would take effect retroactively. The court expressed during sentencing its doubt that the change in sentencing statutes would apply retroactively.[3] Furthermore, although *Johnson*, which addresses the specific statute in question, had not yet been decided, the Supreme Court decision in *State ex rel Nixon v. Kelly* made clear that Section 1.160 required defendants to be sentenced under the law in effect *at the time the offense was committed.* 58 S.W.3d 513 (Mo.2001). Indeed, multiple Missouri cases had reiterated this rule before the time Movant was allegedly misinformed by trial counsel. See, *e.g.*, *State v. Graham*, 13 S.W.3d 290 (Mo.2000); *State v. Beers*, 926 S.W.2d 215 (Mo.App. E.D.1996); *Mannon v. State*, 788 S.W.2d 315 (Mo.App. S.D.1990); *State v. Russell*, 780 S.W.2d 126 (Mo.App. E.D.1989). Thus, trial counsel should have been aware that it was unlikely that Defendant would receive the benefit of retroactive application of the more favorable sentencing statute.

Furthermore, the "questionability" of the law at the time the Movant was sentenced is immaterial. Trial counsel had a duty to inform Movant of the *possible* consequences he could face at trial. It is counsel's duty to advise a client of the possible consequences he could receive if

---

**2.** Section 1.160, as in effect at the time of Movant's trial and sentencing, stated, in relevant part that no offense committed and no penalty incurred previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment. The trial and punishment of all such offenses, and the penalties shall be had in all respects as if the provision had not been repealed or amended, except that if the penalty or punishment for any offense is reduced or lessened by an alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law. The language of Section 1.160 changed in 2005.

**3.** However, at sentencing, when Movant asked why he was not sentenced under the laws that changed, the trial court stated "Well, it's my opinion—the law is that when the sentencing statutes change, but not the statute that creates the offense, the old statute controls for punishment, and that's my opinion. [An assistant public defender] has a different opinion, and the Supreme Court and the Missouri Court of Appeals have not yet told us whether I'm right or wrong."

convicted at trial so that the client may make an informed decision as to whether to accept or reject a plea agreement. *Ayres v. State*, 93 S.W.3d 827 (Mo.App. E.D.2002). Certainly, sentencing under the laws in effect at the time Movant committed the offense was a *possible* consequence of which Movant should have been informed, and the motion court erred finding otherwise.

■ Finally, we examine the motion court's finding "regardless of the allegedly erroneous advice, McClendon was not prejudiced, as he had no right to have a plea of guilty accepted, e.g., *Tilton v. State*, 971 S.W.2d 913 (Mo.App. S.D.1998)." This finding is similarly defective. Our decision in *Ayres v. State* is instructive. 93 S.W.3d 827 (Mo.App. E.D.2002). In *Ayres*, the movant alleged that his trial counsel informed him that he faced a maximum sentence of five years if convicted at trial. *Id.* at 833. The movant alleged that this information led him to reject a plea offer from the state of seven years and instead proceed to trial, after which he received a sentence of ten years. *Id.* He further stated that had he known the maximum sentence was ten years, he would have accepted the offer. *Id.* The State conceded that the claim should be remanded for an evidentiary hearing and this court agreed. *Id.* at 834.

In *Ayres*, this court found:

The matters alleged prejudiced Movant because Movant claims he rejected the State's plea offer on the advice of trial counsel. In reliance on trial counsel's alleged erroneous information, Movant decided to plead not guilty and to go to trial, resulting in his receiving a ten-year sentence ... Had trial counsel provided Movant with accurate sentencing information, Movant allegedly would have accepted the State's plea offer, and thus he would be serving a seven-year

sentence rather than a ten-year sentence.

*Id.* at 834. (Internal citations omitted.) Similarly, here, Movant alleged that he would have accepted the State's offer of seven years had he not been erroneously advised by counsel that the maximum punishment he could receive was seven years.

■ To demonstrate prejudice, the movant must show a reasonable probability that, but for counsel's errors, the result of the trial would have been different. *Patterson v. State*, 110 S.W.3d 896, 900 (Mo. App. W.D.2003). A reasonable probability is a probability sufficient to undermine the confidence in the outcome. *Id.* Here, if the allegations are true, Movant would have pled guilty pursuant to the plea agreement before trial and he would be serving a seven-year sentence instead of a nine-year sentence. Thus, the outcome of the case would have been different.

The motion court relied on *Tilton* to support its finding of no prejudice. *Tilton*, 971 S.W.2d 913. In *Tilton*, the Southern District refused to reverse when the movant alleged that his trial counsel failed to inform him that he would have to serve forty percent of the sentence imposed. 971 S.W.2d at 915. *Tilton* is distinguishable in many respects. The movant in *Tilton* received an evidentiary hearing. Also, the movant alleged that his trial counsel "failed to inform him" of the mandatory minimum time he would have to serve if convicted before he would be eligible for parole. In this case, Movant alleged trial counsel *affirmatively misinformed* him as to his possible maximum sentence, not his eligibility for parole. In Missouri, we distinguish between a failure to advise and the provision of erroneous advice. *Reid v. State*, 192 S.W.3d 727, 733 (Mo.App. E.D.2006). Thus, *Tilton* is distinguishable from the case at hand.

Respondents cite multiple cases for the proposition that Movant was not prejudiced by the alleged misinformation: *Bryan v. State,* 134 S.W.3d 795 (Mo.App. S.D.2005); *Rowland v. State,* 129 S.W.3d 507 (Mo.App. S.D.2004); *Griffith v. State,* 845 S.W.2d 684 (Mo.App. S.D.1993); and *Stokes v. State,* 688 S.W.2d 19 (Mo.App. E.D.1985). First, we note that in each of these cases, except *Bryan,* the movant was granted an evidentiary hearing after which the court made a determination regarding prejudice. *Bryan,* however, is distinguishable. In *Bryan,* the movant alleged that he rejected multiple plea offers from the state because "trial counsel failed to give adequate advice about the case." 134 S.W.3d at 801. Here, however, Movant alleged more than inadequate advice; Movant alleged that trial counsel affirmatively misinformed him about the maximum punishment he could receive.

■ To deny a request for an evidentiary hearing, the record must conclusively show the movant is not entitled to relief. *Schmedeke v. State,* 136 S.W.3d 532, 533 (Mo.App. E.D.2004). Here, the record does not conclusively show that Movant is not entitled to relief. Therefore, the motion court clearly erred in denying Movant's motion without an evidentiary hearing on his claim that his trial counsel incorrectly advised him that he faced a maximum seven-year sentence. Point granted.

■ In his second point, Movant claims that trial counsel was ineffective for failing to investigate and call witnesses. More specifically, Movant contends that four witnesses would have testified that Movant had a bicycle the night of the theft, proving that Movant had no need for the car and also impeaching the testimony of the officers who stated that Movant said he tried to steal the car because he had a "long walk home." Movant also contends that one of those witnesses was also willing to testify that Movant had paper money and coins the night of the theft.

■ Regarding a claim of ineffective assistance of counsel for failing to investigate and call witnesses, a movant must plead and prove that: 1) trial counsel knew or should have known of the existence of the witness; 2) the witness could have been located through reasonable investigation; 3) the witness would have testified if called; and 4) the testimony would have provided a viable defense. *Hutchison v. State,* 150 S.W.3d 292, 304 (Mo. banc 2004). Counsel's decision to not call a witness to testify is presumptively a matter of trial strategy and will not support a movant's claim of ineffective assistance of counsel unless the movant clearly establishes otherwise. *Whited v. State,* 196 S.W.3d 79, 81-82 (Mo.App.E.D.2006). In this case, the State does not dispute that trial counsel knew of the witnesses, the witnesses could have been located through reasonable investigation and would have testified if called. Thus, the only issue is whether the witnesses' testimony would have provided a viable defense.

■ The potential testimony that Movant was riding a bicycle does not offer a viable defense. The evidence that Movant was riding a bicycle does not refute the allegation that Movant was stealing the car. When the testimony of the witness negates an element of the crime for which a movant was convicted, the testimony provides the movant with a viable defense. *Whited,* 196 S.W.3d at 82. Here, however, the testimony does not negate an element of attempted stealing. At most, this evidence impeaches the testimony of the officers who said that Movant admitted to attempting to steal the car because he had "a long walk home." When the testimony of the witness would only impeach the

state's witnesses, relief on a claim of ineffective assistance of counsel is not warranted. *Whited,* 196 S.W.3d at 82.

 Furthermore, the potential testimony that Movant had paper money and coins in his pocket also does not provide a viable defense to attempted stealing a motor vehicle. Movant argues that this testimony would have "challenged the prosecution's allegation that the change found in [Movant's] pants pocket had been taken from the vehicle." However, Movant does not explain how the fact that Movant had money in his pocket earlier in the evening negates an element of the crime with which he was charged, and we find that it does not. Moreover, when Movant was caught, the officers found the car owner's cellular phone in his pocket. Thus, even if Movant could refute the allegation that the change was from the car, he could not refute the allegation that he had in his possession a cellular phone that belonged to the owner of the car. Therefore, the motion court did not err in denying Movant's claim that his counsel was ineffective for failing to call witnesses. Point denied.

### Conclusion

The judgment of the motion court is affirmed in part and remanded in part for an evidentiary hearing on Movant's claim that trial counsel misinformed Movant that the maximum sentence he could receive if convicted at trial was seven years.

CLIFFORD H. AHRENS, P.J., and MARY K. HOFF, concur.