Michael JAMERSON, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 99238.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 1, 2013.

Scott Thompson, St. Louis, MO, for appellant.

Chris Koster, Richard A. Starnes, Jefferson City, MO, for respondent.

## OPINION

CLIFFORD H. AHRENS, Judge.

Michael Jamerson (Movant) appeals from the judgment of the circuit court denying, without an evidentiary hearing, his Rule 29.15 motion for post-conviction relief. We affirm.

At 5 a.m. on September 15, 2007, Movant broke into the home of his former girlfriend Catherine Haug (Cathy),[1] entered her bedroom where she and her then-boyfriend David Colombo (Dave) were sleeping, and shot Dave in the face and back. After a struggle, Movant fled and was apprehended by police in a nearby driveway. At trial, Cathy admitted that she had spoken with Movant the previous afternoon, but she denied having invited Movant to her house, and photographs in evidence showed that the doorjamb of her kitchen door was damaged in a manner consistent with forced entry. A jury convicted Movant of first-degree burglary, first-degree assault, and armed criminal action. The trial court sentenced Movant to concurrent prison terms of 15 years, 17 years, and 17 years, respectively. This court affirmed the judgment and sentence.

---

1. We refer to the victims by their first names for the reader's ease; no disrespect is intended.

*State v. Jamerson,* 334 S.W.3d 921 (Mo. App.2011). Movant then sought postconviction relief claiming, as pertinent here, that his trial counsel was ineffective for: (1) failing to call witnesses who saw Movant before the incident, (2) failing to call a witness who would testify that Movant and Cathy were romantically involved, (3) allegedly convincing Movant to waive his right to testify, and (4) failing to elicit testimony from Dave establishing that Cathy had invited Movant to her house. The motion court denied relief without an evidentiary hearing. Movant appeals.

### Standard of Review

Our review of the denial of postconviction relief by a motion court is limited to the determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Zink v. State,* 278 S.W.3d 170, 175 (Mo. banc 2009). Movant bears the burden of proving his claims by a preponderance of the evidence. Rule 29.15(i). A motion court's findings of fact and conclusions of law are clearly erroneous only if the reviewing court firmly believes that a mistake was made after it has reviewed the whole record. *Kuhlenberg v. State,* 54 S.W.3d 705, 707 (Mo.App.2001).

To prove ineffective assistance of counsel, a Movant must demonstrate that counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and counsel's deficient performance prejudiced him. *Worthington v. State,* 166 S.W.3d 566, 573 (Mo. banc 2005) (citing *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To satisfy the first prong of this test, a movant must "overcome a strong presumption that counsel provided competent representation by showing 'that counsel's representation fell below an objective standard of reasonableness.'" *Id.* (*quoting Deck v. State,* 68 S.W.3d 418, 425 (Mo. banc 2002)). "Reasonable choices of trial strategy, no matter how ill fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." *Id.* (citing *Cole v. State,* 152 S.W.3d 267, 270 (Mo. banc 2004); *Knese v. State,* 85 S.W.3d 628, 633 (Mo. banc 2002)). To satisfy the second prong of this test, a Movant must show that, had counsel not erred, there would be a reasonable probability that the result of the proceeding would have been different. *Id.* This Court does not need to address both components of the inquiry if the Movant makes an insufficient showing on one. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052; *Sidebottom v. State,* 781 S.W.2d 791, 796 (Mo. banc 1989).

A Movant is entitled to an evidentiary hearing on a motion for post-conviction relief only if: (1) he alleges facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of prejudiced the Movant. Rule 29.15(h). *Walker v. State,* 232 S.W.3d 586, 588 (Mo.App.2007).

### Discussion

*Witnesses*

Movant's first, second, and fourth points involve alleged omissions in counsel's solicitation of testimony supporting his defense theory that Cathy invited him to her house on the evening of the assault. Because they share the same premise, we address these points together.

For his first point, Movant asserts that counsel was ineffective for failing to call witnesses who saw him at a poker game near Cathy's house before the incident. Movant claims that their testimony would establish the reason for Movant's presence in the vicinity, his history of visiting Cathy after games, and his normal demeanor on

the night in question. For his second point, Movant contends that counsel was ineffective for failing to call his housemate, Wade Eaton, who would have testified that Cathy visited their residence and was romantically involved with Movant just days before the incident. On both claims, the motion court denied relief without an evidentiary hearing, reasoning that neither supplied a viable defense to the charges. The court also found that the record refuted Movant's claim in that he expressed satisfaction with counsel and indicated no shortcomings in her representation.

■ Counsel's decision to not call a witness to testify is presumptively a matter of trial strategy and will not support a movant's claim of ineffective assistance of counsel unless the movant clearly establishes otherwise. *Whited v. State*, 196 S.W.3d 79, 82 (Mo.App.2006). To prove ineffective assistance for failure to call a witness, the movant must show that the witness's testimony would have produced a viable defense, meaning the testimony negates an element of the crime for which the movant was convicted. *Id.* When the testimony of the witness would not unqualifiedly support the movant, failure to call such a witness does not amount to ineffective assistance of counsel. *Id.* at 83.

■ Here, the proposed testimony of the missing witnesses—essentially that Movant and Cathy were involved and visited each other in the past—does not directly negate an element of the crimes or unqualifiedly support Movant's theory; it merely invites a speculative inference that Cathy invited Movant to her residence on the night of the assault. As such, the testimony does not satisfy Movant's burden.

■ For his fourth point, Movant contends that counsel was ineffective for failing to elicit testimony from Dave confirming that Cathy had invited Movant to her house that evening. In denying relief, the motion court reasoned that Dave's knowledge of the matter was speculative and hence inadmissible, so counsel wasn't ineffective for failing to explore it. The trial transcript reveals that counsel attempted to elicit from Dave exactly the testimony that Movant now claims she omitted, but the trial court sustained the State's objection and counsel was forced to abandon the subject. This record does not support a claim of ineffectiveness. The motion court also cited "overwhelming evidence of forced entry" such that no prejudice resulted from the absence of Dave's testimony. The motion court's prejudice analysis is sound and, we note, applies equally to Movant's first and second points (premised on the theory of invitation). All three points are denied.

*Right to Testify*

■ Finally, Movant claims that counsel "coerced" him to waive his right to testify by telling him that she "had the case won" and by "threatening that the court would impose a 25–year sentence if he did testify." The record before us leaves no room to entertain such a contention. Movant confirmed under oath that he understood his right to testify, that it was "totally [his] decision," and that he voluntarily decided "not to take the stand." Even after an unfavorable verdict and imposition of sentence, and even when directly asked if there was "*anything* [he] wished to add" concerning the assistance of counsel, Movant raised no allegation of "coercion" but continued to express satisfaction with counsel's representation. This record refutes Movant's claim. Point denied.

### Conclusion

The trial court's findings and conclusions are not clearly erroneous. And because

the facts alleged by Movant do not warrant relief or are refuted by the record, no evidentiary hearing was required. The judgment of the motion court is affirmed.

ROY L. RICHTER, P.J. and GLENN A. NORTON, J., Concur.