Earl B. WILLIAMS, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 96605.

Missouri Court of Appeals,
Eastern District,
Division One.

June 12, 2012.

Scott Thompson, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Shaun J. Mackelprang, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Judge.

### Introduction

Earl Williams (Movant) appeals the motion court's judgment denying, without an evidentiary hearing, his Rule 29.15[1] Motion to Vacate, Set Aside, or Correct Judgment and Sentence and Request for Evidentiary Hearing (Rule 29.15 Motion). We affirm the result.

### Background

In 2009, Movant was convicted after a bench trial of robbery in the first degree, armed criminal action, and resisting lawful detention. The trial court sentenced Movant to concurrent terms of ten years for the robbery conviction, and three years each for the remaining two convictions. This Court affirmed Movant's convictions on appeal, but remanded to the trial court to correct a sentencing error on the third count. *State v. Williams,* 303 S.W.3d 634, 636–37 (Mo.App. E.D.2010).

Movant filed a *pro se* motion under Rule 29.15, and later filed his amended Rule 29.15 Motion through counsel. In this motion, he alleged that his trial counsel was ineffective because she "failed to explain the minimum punishment for robbery in the first degree was ten years." Movant explained that he understood a conviction carried a possible maximum sentence of life imprisonment, but he was not aware of a minimum. He believed he could receive any sentence from one day to life if convicted at trial, and he believed that his lack of criminal history meant that he would likely receive a sentence between five and seven years on all three charges. Movant alleges this mistaken belief led him to reject a plea offer of three years for armed criminal action and probation for the robbery and resisting lawful detention counts. He further alleges that "had [he] understood the minimum was ten years for robbery, he would have accepted the plea agreement and not tried his case." He concludes this rendered his decision to go to trial involuntary and ill-informed.

1. All rule references are to Mo. R.Crim. P. (2012), unless otherwise indicated.

The motion court denied Movant's Rule 29.15 Motion without an evidentiary hearing, finding that Movant had not asserted a plausible claim, in that he did not allege his trial counsel affirmatively misinformed him regarding the minimum possible sentence for robbery, and that "the alleged prejudice from any dereliction of counsel [was] highly speculative." This appeal follows.

## Standard of Review

Appellate review of the denial of a post-conviction motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k). On review, the motion court's findings are presumptively correct. *Castor v. State*, 245 S.W.3d 909, 912 (Mo.App. E.D.2008). The motion court's findings of fact and conclusions of law are clearly erroneous only if the reviewing court, having examined the entire record, is left with the definite and firm impression that a mistake has been made. *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009). A movant is not entitled to an evidentiary hearing unless his or her motion meets three requirements: (1) the motion alleges facts that if true would warrant relief; (2) the facts alleged are not refuted by the record; and (3) the matter complained of resulted in prejudice to the movant. *Morrow v. State*, 21 S.W.3d 819, 823 (Mo. banc 2000).

## Discussion

Movant's sole point on appeal is that his counsel was ineffective for failing to ensure that he understood the range of possible punishment after a conviction at trial. Movant argues that because he alleged both deficient performance and prejudice, he was entitled to an evidentiary hearing on his claim. We discuss each in turn.

Whether an attorney's failure to inform a defendant of the mandatory minimum punishment for an offense can amount to ineffective assistance of counsel when it causes a defendant to reject a favorable plea offer is an issue of first impression in this Court. The right to counsel during plea negotiations is an issue recently taken up by the United States Supreme Court in the companion cases of *Lafler v. Cooper*, 566 U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and *Missouri v. Frye*, 566 U.S. ——, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012). These recent decisions control our analysis.

First, under the Sixth Amendment to the United States Constitution, applicable to Missouri by the Fourteenth Amendment, criminal defendants are entitled to representation by counsel, meaning they are entitled to effective assistance of counsel. *Strickland*, 466 U.S. at 686, 104 S.Ct. 2052. This right attaches at all "critical stages" of the criminal proceeding. *Frye*, 132 S.Ct. at 1405 (citing *Montejo v. Louisiana*, 556 U.S. 778, 786, 129 S.Ct. 2079, 173 L.Ed.2d 955 (2009)).

*Frye* settled the question of whether plea negotiations, taking place before any formal plea is entered, constitute such a critical stage. The Supreme Court emphasized that the vast majority of criminal cases are adjudicated by pleas, and also noted the potential of plea agreements to benefit both the state and the criminal defendants by conserving state resources and allowing defendants to receive more favorable sentences. *Id.* at 1407. The Court concluded that in order to realize these benefits, a criminal defendant must have effective assistance of counsel during plea negotiations under the Sixth Amendment. *Id.* at 1407–08. "Anything less ... might deny a defendant effective representation by counsel at the only stage when legal aid and advice would help him." *Id.* at 1408 (quoting *Massiah v. United States*, 377 U.S. 201, 204, 84 S.Ct. 1199, 12

L.Ed.2d 246 (1964)) (internal quotations omitted).

As in all claims of ineffective assistance of counsel, the test for determining whether defense counsel was ineffective during plea negotiations is the two-prong test laid out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Frye*, 132 S.Ct. at 1409 (applying *Strickland* test); *Lafler*, 132 S.Ct. at 1384–85 (same). Movant must show first, that his counsel's performance was deficient, and second, that Movant was prejudiced thereby. *See Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

First, deficient performance is conduct that falls below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. 2052. In *Frye*, the Supreme Court acknowledged the difficult question that follows from recognizing a right to effective assistance of counsel during plea negotiations, which is "how to define the duty and responsibilities of defense counsel in the plea bargain process." 132 S.Ct. at 1408. The Court limited its holding to the facts of that case and declined to delineate a set of rules, noting the fluidity and individuality of the bargaining process and that it may not serve the process well to develop any such rules or standards for attorneys in this context. *Id.* The Court also acknowledged that codified standards of professional practice can be helpful guides for determining reasonable performance required by counsel, as well as the fact that states may implement their own rules "to help ensure against late, frivolous, or fabricated claims." *Id.* at 1408–09.

Second, the prejudice prong requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. The Supreme Court expanded on this principle in *Lafler*, which concerned a defendant who rejected a plea offer based on erroneous advice from his counsel concerning the elements that must be proven at trial in order to convict him of the charged crimes. 132 S.Ct. at 1383. The defendant chose instead to have a full and fair trial before a jury, he was convicted, and he received a harsher sentence than that offered in the plea agreement. *Id.* The defendant's alleged prejudice was that he had to stand trial. *Id.* at 1385.

The Court explained the prejudice standard under those circumstances:

> [A] defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* The Court expressly rejected a rule that a fair trial is a remedy for any claimed error. *Id.* at 1386. Rather, the rule is "whether the trial cured the particular error at issue." *Id.* Under that set of circumstances, though the defendant had a full and fair trial, the Court concluded that, "[f]ar from curing the error, the trial caused the injury from the error." *Id.*

With this guidance from the Supreme Court, we turn specifically to Movant's motion to determine whether he made sufficient allegations to be entitled to an evidentiary hearing on his claim. First, the State argues Movant has not alleged sufficient facts to show his counsel's performance was deficient. Movant's specific allegations are that his counsel "failed to explain the minimum punishment for robbery in the first degree was ten years."

Later in his motion, Movant alleges his counsel "did not fully explain the range of punishment Movant faced for the robbery count," and that Movant "recalls [counsel] being focused on Movant's exposure for the armed criminal action count—a crime she described to Movant as 'the most serious charge.'" Regarding the State's plea offer of three years for armed criminal action and probation for the two other counts, Movant alleges counsel informed him of the terms of the offer and "said he would have to sign an agreement to take advantage of the offer." In sum, Movant alleges his counsel failed to inform him of the possible minimum punishment at trial when discussing the State's plea offer.

Our question is whether the failure of counsel to communicate the correct range of punishment for a particular crime when discussing a plea offer constitutes deficient performance. In Missouri, defense counsel has a "duty to advise a client of the possible consequences he [or she] could receive if convicted at trial so that the client may make an informed decision as to whether to accept or reject a plea agreement." *McClendon v. State*, 247 S.W.3d 549, 554 (Mo.App. E.D.2007) (citing *Ayres v. State*, 93 S.W.3d 827, 834 (Mo.App. E.D. 2002)); *Brown v. State*, 821 S.W.2d 113, 116–17 (Mo.App. W.D.1991); *Conn v. State*, 769 S.W.2d 822, 828 (Mo.App. S.D. 1989). In both *McClendon* and *Ayres*, this Court found that each movant's allegation that his attorney provided incorrect information regarding the maximum possible

sentence he could receive at trial constituted a sufficient allegation of deficient performance. *McClendon*, 247 S.W.3d at 554–55; *Ayres*, 93 S.W.3d at 834.

The State urges, as the motion court found, that affirmative misadvice is constitutionally different than a failure to advise. *See McClendon*, 247 S.W.3d at 555. However, we note both that this distinction has arisen in Missouri in a different context,[2] and that the United States Supreme Court has recently called this distinction into question. *Padilla v. Kentucky*, —— U.S. ——, 130 S.Ct. 1473, 1484, 176 L.Ed.2d 284 (2010) (finding that a holding limited to affirmative misadvice gives counsel incentive to remain silent on matters of great importance when answers are readily available). For both reasons, the argument that defense counsel's performance can be reasonable when he or she fails to advise a client of an applicable mandatory minimum is unpersuasive here, where an attorney has an affirmative duty to advise his or her client of the possible consequences of trial. A mandatory minimum sentence is a possible consequence of going to trial, and is necessary information for evaluating the favorability of a plea offer. *Cf. McClendon*, 247 S.W.3d at 555 ("Certainly, sentencing under the laws in effect at the time Movant committed the offense was a *possible* consequence of which Movant should have been informed"). By alleging his counsel failed to inform him of the mandatory minimum sentence for rob-

2. The distinction between failure to inform and affirmatively misinforming has existed in Missouri only in the context of advising a client who is entering a guilty plea. *See, e.g., Reid v. State*, 192 S.W.3d 727, 733 (Mo.App. E.D.2006), *cited in McClendon*, 247 S.W.3d at 555; *Hao v. State*, 67 S.W.3d 661, 663 (Mo. App. E.D.2002) (acknowledging that attorney need not inform defendant of collateral consequences of plea, but stating rule that erroneous advice about any consequence, including collateral consequence, can affect voluntari-

ness of plea). While this Court in *McClendon* used this distinction to bolster its conclusion about the affirmative misadvice given there, *McClendon* does not stand for the proposition that if an attorney simply fails to provide no information regarding the possible consequences of going to trial, that attorney's performance would not be deficient. Rather, *McClendon* expressly recognizes an attorney's affirmative duty to inform a client of possible consequences at trial. 247 S.W.3d at 554–55.

bery in the first degree if he were to be convicted at trial, Movant has sufficiently alleged that his counsel's performance was deficient.[3] The record does not refute this claim.

■ Next, regarding prejudice, Movant alleged that "[h]ad Movant understood the minimum was ten years for robbery, he would have accepted the plea agreement and not tried his case." Movant also alleges that he "understood he could get 'life' if convicted." Later, Movant's motion concludes, "[b]ut for counsel's lapse, Movant would not have gone to trial but would have availed himself of the pre-trial offer of three year's [*sic*] incarceration with concurrent probation." The motion court found that in light of Movant's choice to reject the plea amid his awareness of the maximum possible sentence, Movant failed to allege prejudice. We agree.

As a threshold matter, the parties discuss extensively the level of pleading required in light of *Frye*'s and *Lafler*'s requirements that defendants must show reasonable probabilities both that the prosecution would not have withdrawn the offer and that the trial court would have accepted it. *Lafler*, 132 S.Ct. at 1385;

*Frye*, 132 S.Ct. at 1409. We note simply that this Court has not required that level of pleading in the past, but has remanded cases for hearings when movants alleged that they would have accepted the State's offers had they been appropriately informed of the possible consequences at trial. *McClendon*, 247 S.W.3d at 555; *Ayres*, 93 S.W.3d at 835.[4] The Missouri Supreme Court has discussed Rule 29.15 pleadings as follows:

> In order to ensure that claims are decided accurately, the rules encourage evidentiary hearings. Nothing in the text of Rule 29.15 suggests that the pleading requirements are to be construed more narrowly than other civil pleadings. Thus, a movant may successfully plead a claim for relief under Rule 29.15 by providing the motion court with allegations sufficient to allow the motion court to meaningfully apply the *Strickland* standard and decide whether relief is warranted.

*Wilkes v. State*, 82 S.W.3d 925, 929 (Mo. banc 2002) (citing *Morrow v. State*, 21 S.W.3d 819, 824 (Mo. banc 2000)) (internal citations omitted).

3. The State lists several hypothetical situations in its brief as to why counsel could have exercised sound strategy and how Movant fails to account for these possibilities in his motion. A hearing clearly is the most appropriate place to account for the presence of any of these other circumstances and to disprove the allegations of Movant's motion. We are concerned only with the motion's allegations as they relate to the record. *Morrow*, 21 S.W.3d at 823. The State additionally argues Movant failed to identify who would testify to each of his factual allegations, but we do not find such specificity necessary here. *See Ayres*, 93 S.W.3d at 834 (contrasting cases requiring more specific pleadings based on type of deficient performance alleged).

4. We note that the movant in *Ayres* did also allege that the trial court would have accept-

ed his plea, 93 S.W.3d at 834, but this Court did not focus on it as a required allegation when finding prejudice: "The matters alleged prejudiced Movant because Movant claims he rejected the State's plea offer on the advice of trial counsel. In reliance on trial counsel's alleged erroneous information, Movant decided to plead not guilty and to go to trial, resulting in his receiving a ten-year sentence ... Had trial counsel provided Movant with accurate sentencing information, Movant allegedly would have accepted the State's plea offer, and thus he would be serving a seven-year sentence rather than a ten-year sentence." *Id.* at 835 (internal citation omitted). *Cf. Tilton v. State*, 971 S.W.2d 913, 915–16 (Mo.App. S.D.1998) (finding—after evidentiary hearing—no evidence showing reasonable probability trial court would have accepted plea).

Further, the United States Supreme Court noted a similar issue in *Frye*. The Court saw reason to doubt that the prosecution and the trial court would have allowed Frye's plea agreement to take place, but remanded to the Missouri Court of Appeals to address those questions, because the lower court had previously failed to require Frye to make the requisite showing on those issues. 132 S.Ct. at 1411. Because it is a new requirement that movants allege a reasonable probability that both the prosecutor and trial court assent to the plea agreement, and that these are questions that can be determined at an evidentiary hearing, we find under these circumstances a hearing is the most appropriate forum for Movant to attempt to make such showings in conformity with *Frye* and *Lafler*.

However, we yet find Movant's Rule 29.15 Motion insufficient, in that it fails to allege facts showing he was prejudiced. In the most closely analogous cases, *Ayres* and *McClendon*, both movants there were erroneously told that the maximum amount of time they could spend in prison if convicted at trial was a lesser amount than the law actually provided. In *Ayres*, his counsel told him that the maximum prison sentence was five years, leading Ayers to reject a plea offer of seven years. He went to trial and received a ten-year sentence. 93 S.W.3d at 833–34. Similarly in *McClendon*, defense counsel informed McClendon that the maximum punishment was seven years, but actually when McClendon was charged, the law at the time carried a maximum ten-year sentence. McClendon rejected a plea offer of seven years and received nine after trial. 247 S.W.3d at 552.

In contrast here, Movant was aware that the maximum sentence he could receive for robbery was life in prison. Despite this, he chose to reject a plea offer of three years because he believed he would proba-

bly receive at most seven years after trial. Contrary to the movants in *Ayres* and *McClendon*, Movant does not allege his attorney gave him this misinformation. He in fact states that she did inform him the maximum sentence was life in prison. Given that Movant chose to reject the plea knowing this, we agree with the motion court that any prejudice to Movant by receiving ten years at trial is "highly speculative." Regardless of any mandatory minimum sentence, Movant was aware that he could possibly receive a ten-, twenty-, thirty-year sentence or more, as he believed the range of punishment was between one day and life in prison. He chose to take his chances despite this knowledge, and the fact that he received a sentence that he was aware was a real possibility cannot be said to have prejudiced him in this case. Therefore, we find Movant has failed to allege facts showing he was prejudiced by any failure to communicate the mandatory minimum sentence for robbery in the first degree. For this reason, the motion court did not clearly err in denying his motion without an evidentiary hearing. Point denied.

## Conclusion

Under *Frye*, *Lafler*, and the precedent of this Court, Movant sufficiently alleged his counsel's performance was deficient by alleging she failed to inform him of the mandatory minimum sentence for robbery. Because he filed his Rule 29.15 Motion before *Frye* and *Lafler* were decided, and because Missouri has not heretofore required movants to allege the prosecution would not have withdrawn the plea and the trial court would have accepted it, an evidentiary hearing is the most appropriate place for such determinations. However, because Movant was aware that the maximum sentence for robbery was life in prison and chose to reject the plea offer with that knowledge, we cannot conclude he

was prejudiced by receiving a sentence of ten years. Movant has not alleged facts on this point entitling him to relief. For this reason, we affirm the motion court's denial of Movant's Rule 29.15 Motion without an evidentiary hearing. AFFIRMED.

CLIFFORD H. AHRENS, P.J., and ROY L. RICHTER, J., concur.