

# Missouri Court of Appeals

## Southern District

### Division One

JOSEPH J. SAVICK, )
)
      Movant-Appellant, )
)
v. )     No. SD33303
)     Filed: 5-19-15
STATE OF MISSOURI, )
)
      Respondent-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Thomas E. Mountjoy, Circuit Judge

**<u>AFFIRMED</u>**

Joseph Savick (Savick) appeals from an order denying his amended Rule 29.15 motion to set aside four convictions and sentences imposed after a jury trial.[1] Because the motion court's decision to deny relief after an evidentiary hearing was not clearly erroneous, we affirm.

Savick was charged by information with committing the following crimes on September 28, 2006: the class D felony of driving while revoked, in violation of § 302.321 (Count I); the class B felony of driving while intoxicated as a chronic offender

---

[1] All rule references are to Missouri Court Rules (2015). All statutory references are to RSMo Cum. Supp. (2006) unless otherwise indicated.

in violation of § 577.010 RSMo (2000), § 577.023.1(2) and § 577.023.5 (Count II); the class C felony of assault on a law enforcement officer, in violation of § 565.082 (Count III); and the class D felony of resisting arrest, in violation of § 575.150 (Count IV). Only Count III charged Savick as a prior and persistent offender.

Thereafter, Savick entered into a plea agreement. In exchange for Savick's plea of guilty to each of the four counts, the prosecutor agreed to recommend concurrent sentences of four years on the two class D felonies and five years on the other two counts.[2]

At the plea hearing, the prosecutor began to outline the factual basis for the pleas by summarizing the evidence that could be presented to prove the charges. Defense counsel Anissa Bluebaum (Bluebaum) immediately interrupted and asked if they could "take a break" so she could talk to Savick. After a recess, Bluebaum informed the court that Savick was withdrawing his plea and wanted a trial setting. Based upon that announcement, the prosecutor revoked his plea offer. Thereafter, the prosecutor amended the information to allege in Counts I, II and IV that Savick was a prior and persistent offender.

At trial, a jury found Savick guilty of all four counts. At sentencing, Bluebaum noted that the prosecutor had made an offer to recommend certain sentences if the charges were resolved by guilty plea. As Bluebaum reminded the court, however, "that was not anything [Savick] would consider because he was not guilty." Bluebaum also

---

[2] The four-year and five-year terms were within the range of punishment for the class D, C and B felonies originally charged. *See* § 558.011.1(4) (class D felony, a term not to exceed four years); § 558.011.1(3) (class C felony, a term not to exceed seven years); § 558.011.1(2) (class B felony, a term not less than five years); *see also* § 558.016.7(3) (enhancing a persistent offender from a class C to B felony).

told the court that, after the trial, Savick had said he was glad he did not plead guilty because he had stood up for himself. Savick likewise addressed the court and said, "I couldn't plead guilty to the charges I wasn't guilty of." The court sentenced Savick as a persistent offender to concurrent sentences of seven years for driving while revoked, seven years for resisting arrest, 10 years for assault on a law enforcement officer and 10 years for driving while intoxicated. This Court affirmed Savick's convictions and sentences on direct appeal. *State v. Savick*, 347 S.W.3d 147 (Mo. App. 2011).

Savick sought post-conviction relief via timely filed *pro se* and amended Rule 29.15 motions.[3] The amended motion alleged that trial counsel had been ineffective for "misadvising [Savick] as to the terms of the original plea offer" with respect to "the prior and persistent offender status." The motion further alleged that, had trial counsel properly advised Savick, he "would have entered his pleas of guilty pursuant to the agreement" and would have been sentenced accordingly.

The motion court conducted an evidentiary hearing on the motion. Savick and Bluebaum both testified. In Bluebaum's testimony, she denied that she misadvised Savick about the terms of his plea offer. Bluebaum said Savick backed out of the plea agreement because he believed he was not guilty:

> He was very adamant throughout the representation that he wanted a jury trial. Throughout the course of the representation, I had told Mr. Savick several times that he was offered a very good deal, based on what he was facing or could be facing, but it was one of those situations where my

---

[3] Savick filed his *pro se* motion on September 2, 2011. Mandate issued in his direct appeal on September 6, 2011. Therefore, the *pro se* motion was filed within the 90-day time period set by Rule 29.15(b). Counsel was appointed September 13, 2011. After receiving a 30-day extension, appointed counsel filed the amended motion on Monday, December 12, 2011, which was within the 90-day total limit required under Rule 29.15(g). *See also* Rule 44.01(a).

3

review of the evidence and talking with him, he wanted a trial; he wanted to take his chances at trial.

In Savick's testimony, he admitted that Bluebaum said he should take the plea offer and that he decided not to do so. According to him, he was "confused" about the offer because Bluebaum told him "there would not be prior and persistent offender status placed on [him]."

Thereafter, the motion court entered its findings of fact, conclusions of law and order denying relief. The court found Bluebaum's testimony "credible." The motion court believed Bluebaum's testimony that she counseled Savick to take the offer and that he rejected the offer because he believed "he was innocent and wanted to take the case to trial." The motion court concluded Savick failed to establish that: (1) trial counsel provided incompetent advice; and (2) Savick rejected the plea offer on the basis of ineffective assistance of counsel. This appeal followed.

Savick bore the burden of proving his allegations. Rule 29.15(i). "A strong presumption exists that trial counsel was effective and an appellant bears a heavy burden of overcoming that presumption by a preponderance of the evidence." *State v. Tokar*, 918 S.W.2d 753, 761 (Mo. banc 1996). Our review is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k); *Williams v. State*, 168 S.W.3d 433, 439 (Mo. banc 2005). This Court will determine that such clear error exists only if, after reviewing the entire record, we are left with "the definite and firm impression that a mistake has been made." *Williams*, 168 S.W.3d at 439. On a claim of ineffective assistance of counsel, the motion court is free to believe or disbelieve any evidence, whether contradicted or undisputed. *Vanzandt v.*

***State***, 212 S.W.3d 228, 231 (Mo. App. 2007). "This Court defers to the motion court on matters of credibility." ***Id***.

The test for determining whether defense counsel was ineffective during plea negotiations is the two-prong test laid out in ***Strickland v. Washington***, 466 U.S. 668 (1984). *See* ***Lafler v. Cooper***, --- U.S. ----, 132 S.Ct. 1376 (2012); ***Missouri v. Frye***, --- U.S. ----, 132 S.Ct. 1399 (2012); ***Williams v. State***, 367 S.W.3d 652, 654 (Mo. App. 2012). "Movant must show first, that his counsel's performance was deficient, and second, that Movant was prejudiced thereby." ***Williams***, 367 S.W.3d at 654; *see* ***Strickland***, 466 U.S. at 687.[4] Savick could not establish ***Strickland*** prejudice unless he first proved there was a reasonable probability, but for counsel's error, that he would have accepted the prosecutor's plea offer. *See* ***Lafler***, 132 S.Ct. at 1385; ***Noland v. State***, 413 S.W.3d 684, 684 (Mo. App. 2013); *see also* ***Smith v. State***, 443 S.W.3d 730, 735-36 (Mo. App. 2014).

Savick's single point contends the motion court clearly erred in denying his motion for post-conviction relief because Bluebaum provided ineffective assistance of counsel "by failing to adequately explain to [him] the terms of the State's plea offer." Savick argues that he rejected the plea offer "based on counsel's assurance that he would not be sentenced as a prior and persistent offender, and [he] was ultimately sentenced to a total of ten years in prison following his trial." We find no merit in this argument.

Savick failed to prove that he was prejudiced by Bluebaum's allegedly inadequate explanation of the plea offer. The motion court did not believe Savick's explanation for

---

[4] Savick must satisfy both the performance and prejudice prongs of the ***Strickland*** test to obtain relief. ***State v. Kinder***, 942 S.W.2d 313, 335 (Mo. banc 1996). If either prong is not met, the claim fails. ***Marschke v. State***, 185 S.W.3d 295, 302 (Mo. App. 2006). Consideration of the other prong is unnecessary. ***Id***.

why he rejected the offer. The motion court believed Bluebaum, who testified that Savick rejected the plea offer because he believed he was innocent and wanted a jury trial. Bluebaum's testimony in this regard is also corroborated by the statements made by Bluebaum and Savick at the sentencing hearing. The motion court simply did not believe the contrary testimony given by Savick at the motion hearing, and we defer to the court's determination of credibility. *Vanzandt*, 212 S.W.3d at 231; *see, e.g.*, *Noland*, 413 S.W.3d at 686 (deferring to motion court's credibility determination that movant would not have pled guilty because according to counsel and the trial transcript, he did not want to plead but proceed to trial). Therefore, Savick did not prove that he rejected the plea offer because of Bluebaum's allegedly inadequate explanation of its terms.

For all of these reasons, Savick failed to prove that he was prejudiced as a result of his allegation that he received ineffective assistance of counsel. Because Savick failed to meet the prejudice prong of the test, we need not consider the performance prong. *See Marschke v. State*, 185 S.W.3d 295, 302 (Mo. App. 2006). Accordingly, the motion court did not clearly err in denying post-conviction relief to Savick. Point denied.

After reviewing the entire record, we do not have a definite and firm impression that a mistake was made. Therefore, the findings and conclusions of the motion court are not clearly erroneous. *See* Rule 29.15(k); *Williams*, 168 S.W.3d at 439. The motion court's order denying Savick's amended Rule 29.15 motion is affirmed.

JEFFREY W. BATES, J. – OPINION AUTHOR

DANIEL E. SCOTT, J. – CONCUR

WILLIAM W. FRANCIS, JR., C.J./P.J. – CONCUR

6