

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| ALEX M. DAVIS, | ) | |
| | ) | |
| Movant-Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD34071 |
| | ) | |
| STATE OF MISSOURI, | ) | **Filed: July 28, 2016** |
| | ) | |
| Respondent-Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Laura J. Johnson, Circuit Judge

**<u>REMANDED</u>**

Alex M. Davis ("Movant") rejected a plea agreement offer and proceeded to trial. He received a substantially longer sentence and now complains in his sole point on appeal that counsel was ineffective in that he misadvised Movant in several respects which resulted in Movant refusing to accept the initial plea offer of 15 years on two counts and as a result Movant was prejudiced. Specifically, he alleged that "counsel advised [him] that he would be subject to the 85% requirement before parole eligibility on the proposed fifteen[-]year offer." The motion court found:

> This claim is not cognizable under Rule 29.15. *See Williams [v. State]*, 344 S.W.3d [878,] 883 [(Mo.App. S.D. 2011) (en banc)] ("[A] defendant's claim that trial counsel's alleged lack of advice deprived the defendant of a chance to plead guilty

1

and obtain a shorter sentence is simply not cognizable in a Rule 29.15 proceeding because it has nothing to do with whether the defendant's trial itself was fair.").

Although *Williams* was the law in 2011,[1] it is no longer the law in Missouri. The United States Supreme Court, in a Missouri case, found that counsel's failure to communicate a plea agreement to a defendant was cognizable under Rule 29.15. *See Missouri v. Frye*, 132 S.Ct. 1399, 1408 (2012) (holding that claims of ineffective assistance of counsel during plea negotiations are cognizable); *see also Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012) ("Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process.").[2] Here, Movant alleged that trial counsel misadvised him as to the results of the plea offer.

The trial court did not make any credibility determinations whether trial counsel did in fact misadvise Movant. We are, thus, unable to determine if the motion court found that trial counsel had affirmatively misadvised Movant concerning the plea offer or whether there was a reasonable probability that Movant would have accepted the earlier plea offer and, as such, we are compelled by Rule 24.035(k)[3] to remand to the motion court for such necessary findings of fact and conclusions of law.

The judgment is vacated and the case is remanded to the motion court for further proceedings not inconsistent with this opinion on claim number six.

Nancy Steffen Rahmeyer, J. - Opinion Author

Gary W. Lynch, P.J. - Concurs

Daniel E. Scott, J. - Concurs

---

[1] The State concedes the claim is cognizable.

[2] To be fair to the motion court, there is no indication on Westlaw that one of the alternate holdings in *Williams* should no longer be followed. We note it now for future practitioners and courts.

[3] All rule references are to Missouri Court Rules (2016).