

# Missouri Court of Appeals

### Southern District

### Division One

| | | |
|---|---|---|
| JEREMY W. ARATA, | ) | |
| | ) | |
| Movant-Appellant, | ) | |
| v. | ) | No. SD34317 |
| | ) | Filed: January 31, 2017 |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent-Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin Holden, Circuit Judge

**AFFIRMED**

Jeremy Arata (Arata) appeals from the motion court's denial, following an evidentiary hearing, of Arata's Rule 29.15 motion for post-conviction relief.[1] In the underlying criminal case, Arata was convicted by a jury of first-degree involuntary manslaughter and sentenced to 12 years' imprisonment. *See* § 565.024.[2] Because Arata was intoxicated when he hit and killed another motorist, he is required to serve 85% of his

---

[1] All rule references are to Missouri Court Rules (2016). All statutory references are to RSMo Cum. Supp. (2006). This Court has independently verified that Arata's *pro se* motion and appointed counsel's amended motion were timely filed. *See **Moore v. State***, 458 S.W.3d 822, 825 (Mo. banc 2015); ***Dorris v. State***, 360 S.W.3d 260, 268 (Mo. banc 2012).

[2] Arata's conviction was affirmed on direct appeal in an unpublished opinion. ***State v. Arata***, No. SD31532 (Mo. App. April 11, 2013) (*per curiam*).

sentence before becoming eligible for parole (the 85% rule). *See* § 565.024.1(3)(a); § 565.024.2. On appeal, Arata contends his defense counsel was ineffective in failing to inform Arata, prior to declining a seven-year plea offer from the State, that Arata would be subject to the 85% rule. Arata argues that he was prejudiced because "if [he] had been informed that he would have to serve 85% of any sentence imposed for involuntary manslaughter in the first degree, [he] would not have taken his case to trial, but would have accepted the [S]tate's seven-year plea offer." Finding no merit in this contention, we affirm.

Our review of the motion court's findings of fact and conclusions of law is for clear error. Rule 29.15(k). This Court presumes that the motion court's findings and conclusions are correct, and we may reverse only when left with a definite and firm impression that the motion court has made a mistake. *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009). "On a claim of ineffective assistance of counsel, the motion court is free to believe or disbelieve any evidence, whether contradicted or undisputed." *Savick v. State*, 461 S.W.3d 63, 66 (Mo. App. 2015). We defer to the motion court's credibility determinations. *Id*.

As in all claims of ineffective assistance of counsel, the test to determine whether counsel was ineffective throughout plea negotiations is the two-prong test stated in *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). *Lafler v. Cooper*, 132 S.Ct. 1376, 1384-85 (2012); *Missouri v. Frye*, 132 S.Ct. 1399, 1409-10 (2012); *Savick*, 461 S.W.3d at 66. Thus, a movant must overcome the strong presumption that counsel was competent and demonstrate instead that: (1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise; and (2) that such failure prejudiced the movant. *Strickland*, 466 U.S. at 687-94. Where the movant claims that counsel's deficient performance led him to reject a plea offer and proceed to trial, *Strickland* prejudice exists when:

but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 132 S.Ct. at 1385. "Both of these prongs must be shown by a preponderance of the evidence in order to prove ineffective assistance of counsel." *Zink*, 278 S.W.3d at 175.

In this case, Arata failed to meet his burden of proving defense counsel failed to inform Arata that he would have to serve 85% of any sentence imposed before becoming eligible for parole. Arata and defense counsel provided the only testimony at the evidentiary hearing on Arata's amended post-conviction motion. Arata testified that: (1) he was not informed by defense counsel of the 85% rule's applicability to his case; and (2) if he had known that he would have to serve 85% of any sentence imposed before becoming eligible for parole, he would have taken the State's offer of seven years instead of proceeding to trial. Defense counsel testified that he could not specifically remember telling Arata the 85% rule applied to his case. Defense counsel did, however, provide the following additional relevant testimony: (1) it was defense counsel's practice and procedure to inform his clients if there was a minimum parole requirement associated with any charges they faced; (2) defense counsel reviewed § 565.024 when advising Arata whether to accept the plea; (3) defense counsel was certain that he had seen the 85% rule when advising Arata whether to accept the offer because it was included in § 565.024 at the time; and (4) defense counsel would be surprised if he had not told Arata that the 85% rule applied in his case.

The motion court considered Arata and defense counsel's testimony, weighed their credibility and determined that Arata had not proven by a preponderance of the evidence that defense counsel failed to inform him that he would have to serve 85% of any sentence

3

imposed before becoming eligible for parole. Although Arata in his own testimony professed ignorance of the 85% rule, the motion court did not find that evidence credible. Defense counsel's contrary testimony about his practice and procedure, on the other hand, was found credible by the motion court. The decision of which testimony to credit under these circumstances was a matter for the motion court to resolve, and we defer to its determination. *Savick*, 461 S.W.3d at 66. Because Arata's testimony was not believed, he failed to prove his claim that defense counsel did not advise him of the 85% rule's applicability to his case. Without such proof, Arata failed to overcome the strong presumption that defense counsel rendered effective assistance.

Arata's claim also fails because defense counsel had no duty to inform Arata that he was subject to the 85% rule. In other words, even if true, the facts alleged by Arata do not warrant post-conviction relief as a matter of law. Arata cites *Frye*, *Lafler* and *Padilla v. Kentucky*, 559 U.S. 356 (2010), for the principle that criminal defendants are entitled to receive effective assistance of counsel when deciding whether to accept a plea offer extended by the State. That a constitutional right to effective assistance of counsel in plea negotiations exists, however, does little to define the scope of that right, and the Supreme Court has declined to outline the specific obligations of defense counsel during plea negotiations. *See Frye*, 132 S.Ct. at 1408; *see also Arnold v. State*, No. ED102943, 2016 WL 1642966, at *5-6 (Mo. App. April 26, 2016) (noting *Frye* is limited to cases where counsel failed to communicate an existing plea offer to the defendant and *Lafler* is limited to cases where counsel provided bad advice on whether to accept an existing offer). As for the resolution of this appeal, it is sufficient to simply reiterate that multiple Missouri cases, post *Frye*, *Lafler* and *Padilla*, have considered the scope of a defense counsel's obligation to inform a defendant of parole eligibility, which is a collateral consequence of the guilty plea. These

4

cases have concluded that defense counsel may be ineffective for affirmatively misadvising a defendant about his or her parole eligibility for a particular sentence, but counsel cannot be ineffective for merely failing to inform a defendant of such consequences. *Compare Davis v. State*, 497 S.W.3d 307, 307-08 (Mo. App. 2016) (vacating and remanding for an evidentiary hearing where the movant rejected a plea offer and proceeded to trial after his counsel allegedly misadvised him that he would have to serve 85% of his sentence before becoming eligible for parole), *with Voegtlin v. State*, 464 S.W.3d 544, 554-55 (Mo. App. 2015) (holding counsel had no duty to inform a defendant that he would have to serve a minimum of 40% of his sentence before becoming eligible for parole because parole eligibility is only a collateral consequence of a guilty plea); *Simmons v. State*, 432 S.W.3d 306, 308-09 (Mo. App. 2014) (applying the same rule to a claim that counsel was ineffective for failing to inform a defendant he would have to serve 85% of his sentence before becoming eligible for parole); *Johnson v. State*, 398 S.W.3d 513, 516-17 (Mo. App. 2013) (same holding); *Smith v. State*, 353 S.W.3d 1, 3-5 (Mo. App. 2011) (same holding). Thus, consistent with long-standing Missouri law, defense counsel cannot be found ineffective for the mere failure to advise Arata that he was subject to the 85% rule because parole eligibility remains a collateral consequence about which defense counsel had no duty to inform Arata.

Ultimately, Arata acknowledges this important principle in his brief. In an apparent attempt to present a cognizable claim, however, post-conviction appellate counsel argues that defense counsel underestimated the strength of the State's case when advising Arata whether to accept the State's plea offer. Because this claim was not included in Arata's amended motion, it is waived and is not subject to plain error review. *McLaughlin v. State*, 378 S.W.3d 328, 340 (Mo. banc 2012). The fact that Arata presented some evidence of the

5

claim at his evidentiary hearing does nothing to change this result. *Id*.; *Day v. State*, 495 S.W.3d 773, 776 (Mo. App. 2016).

In sum, this Court is not left with a definite and firm impression that the motion court made a mistake. *Zink*, 278 S.W.3d at 175. The motion court's findings and conclusions are not clearly erroneous. Rule 29.15(k). Arata's point is denied, and the motion court's order denying relief is affirmed.

JEFFREY W. BATES, P.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

MARY W. SHEFFIELD, C.J. – CONCUR