WILLIAM W. FRANCIS, JR., J.
Kayla S. Cork ("Cork") appeals from the judgment of the motion court denying her amended Rule 24.035[1] motion to set aside her conviction of the class A felony of abuse of a child, resulting in death. Because the motion court's denial of Cork's Rule 24.035 motion without an evidentiary hearing was not clearly erroneous, we affirm.
Facts and Procedural Background
The "facts"-for purposes of our review-are those allegations of fact contained in Cork's amended Rule 24.035 motion, excluding from consideration such allegations as are refuted by the record or are mere conclusions. Lowery v. State , 520 S.W.3d 474, 478 (Mo.App. S.D. 2017). We set forth facts not otherwise imputed by this standard as necessary for context.
Cork was indicted on the class C felony of endangering the welfare of a child in the first degree (Count I), pursuant to section 568.045.1(1);[2] the class A felony of abuse of a child (Count II), pursuant to section 568.060.1; and the class A felony of murder in the second degree (Count III), pursuant to section 565.021.1.
Cork entered into a plea agreement with the State whereby the State would dismiss Counts I and III, and Cork would plead guilty to Count II, for which the State would recommend a 20-year sentence.
A plea hearing was held on August 8, 2013. At the plea hearing, in response to questions from the trial judge, Cork stated she understood the charges against her, she had discussed those charges with her attorney, and she understood her sentence under her plea agreement to be "Twenty years, DOC, of guilty."
At the trial court's request, the State then outlined the evidence that would be presented if the case went to trial: On August 3, 2012, medical personnel were *922 dispatched to Cork's home where they found an unresponsive child who was then pronounced deceased at the scene. The child's injuries included bruising, multiple broken bones in various stages of healing, a lacerated small bowel, fluid field and infected abdominal cavity, significant blood loss, and an overdose ingestion of diphenhydramine. Cork was the primary care provider, and the child was in her care, custody and control when these injuries occurred. Cork was also responsible for the administration of the overdose of diphenhydramine.
Cork admitted that the State's statement was correct and that she was "part of" what had happened to the child. The State indicated this was a class A felony and the range of punishment was 10 to 30 years in the Department of Corrections. The State suggested, per the plea agreement, that in exchange for Cork's plea of guilty to Count II, the State would recommend a sentence of 20 years and would dismiss Counts I and III. Cork indicated that was her understanding as to the plea agreement.
Cork further indicated that she had not been promised anything else in exchange for her guilty plea other than what was contained in the plea agreement; that she had discussed her case fully with her attorney; her attorney had explained her legal rights and what happens as the result of her plea of guilty; and she had no complaints regarding her attorney and was satisfied with his services. She also suggested her attorney had a good grasp of the facts and the law in the case, had explained the facts of the case, the State's evidence, and how the evidence would be presented to a jury. Cork indicated she understood all her rights to a jury trial, including all rights attendant thereto. Cork stated that she was pleading guilty of her own free will, and she was guilty as charged.
The trial court accepted Cork's plea of guilty, finding that the plea was voluntary, intelligently made, and made with a full understanding of the charge and the consequences of the plea. The trial court then sentenced Cork to 20 years in the Department of Corrections.
On January 24, 2014, Cork timely filed a pro se Rule 24.035 motion. That same day, the motion court appointed the public defender to represent Cork. The transcript of the guilty plea and sentencing hearing was filed on November 6, 2014. Thus, any amended motion was due by January 5, 2015. See Rule 24.035(g).
Numerous "case review" hearings were scheduled by the motion court. Post-conviction counsel filed multiple motions for continuance, and on April 8, 2016, the motion court entered the following order:
Counsel for Ms. Cork fails to appear. The Court notes that [post-conviction counsel] has failed to appear for (1) a last minute scheduling conflict; (2) a family emergency; (3) an automobile accident; and (4) another automobile accident. The Court hereby holds that [post-conviction counsel] is the unluckiest attorney in the history of attorneys for the last 6 month period. Unfortunately, [post-conviction counsel] is supposed to be representing Ms. Cork in the present case, and the Court finds no evidence that he is doing so. Accordingly, the Court orders that the Missouri Public Defender appoint a different attorney to represent Ms. Kork [sic].
On May 11, 2016, the motion court found, pursuant to Luleff v. State , 807 S.W.2d 495 (Mo. banc 1991), that post- *923 conviction counsel had abandoned Cork by failing to file an amended motion. The motion court granted new appointed counsel a thirty-day extension of time to file an amended motion. Accordingly, the amended motion was due by August 9, 2016.
On July 28, 2016, Cork's new appointed counsel timely filed an amended motion. The amended motion asserted that plea counsel was ineffective for failing "to advise her that should she enter a plea of guilty to the charge of abuse of a child resulting in death, she would be required to serve 85% of any sentence received."
On February 9, 2017, the motion court filed its "Findings of Fact, Conclusions of Law, and Judgment," denying Cork's claim without an evidentiary hearing. The motion court found that "Missouri courts have consistently held that counsel has no obligation to inform a defendant of the parole consequences of his guilty plea." The motion court further found that "parole eligibility is considered to be a 'collateral consequence' of a plea, about which counsel has no obligation to inform the defendant." The motion court observed that this Court has rejected arguments urging a departure from this rule in the wake of Padilla v. Kentucky , 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). The motion court found that Cork had not presented a cognizable claim for ineffective assistance of counsel. This appeal followed.
In one point on appeal, Cork asserts the motion court erred in denying her Rule 24.035 motion, without an evidentiary hearing, in that plea counsel failed to inform her that she would have to serve 85 percent of her sentence before she would be eligible for parole.
Standard of Review
We review the denial of a Rule 24.035 motion for post-conviction relief to determine whether the motion court's findings of facts and conclusions of law are clearly erroneous. A motion court's findings are presumed correct and we will overturn the ruling only if we are left with a definite and firm impression that a mistake has been made.
....
To prevail on a claim of ineffective assistance of counsel, a movant must show that counsel did not demonstrate the customary skill and diligence that a reasonably competent attorney would display when rendering similar services under the existing circumstances, and that movant was prejudiced as a result. Where conviction results from a guilty plea, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made.
To receive an evidentiary hearing, a movant's motion for post-conviction relief must allege facts, not conclusions, warranting relief; the facts alleged must not be refuted by the record; and the allegations complained of must have prejudiced the movant. Prejudice is established if a reasonable probability exists that, but for plea counsel's errors, the movant would not have entered a guilty plea and would have insisted on proceeding to trial.
Lowery , 520 S.W.3d at 478 (internal quotations and citations omitted).
Analysis
Cork argues that her motion sets forth a cognizable Rule 24.035 claim, based on her allegation that counsel failed to her inform her that she would have to serve 85 percent of her sentence before she would be eligible for parole.
*924 In relevant part, Cork's amended Rule 24.035 motion alleged that Cork did not enter a "knowing, voluntary, and intelligent" plea of guilty, in that plea counsel did not, but should have, advised her that "the charge of abuse of a child resulting in death under § 568.0603.(2) [sic] is classified as a dangerous felony under § 556.061(8); nor was [Cork] informed that a crime classified as a dangerous felony requires 85% of the sentence to be served under § 558.019 3. [sic] RSMo."
The motion court issued findings of fact and conclusions of law, without an evidentiary hearing, on February 9, 2017. The motion court rejected Cork's argument on the basis that "Missouri courts have consistently held that counsel has no obligation to inform a defendant of the parole consequences of his guilty plea."
Cork argues that in the wake of Padilla , 559 U.S. at 356, 130 S.Ct. 1473, "contrary to Missouri appellate court precedent, [a claim that] ... counsel fails to inform defendant of the automatic and severe parole consequences of [a] plea is a cognizable claim."
We rejected this line of argument in Arata v. State , 509 S.W.3d 849, 853-54 (Mo.App. S.D. 2017) :[3]
[Movant]'s claim also fails because defense counsel had no duty to inform [movant] that he was subject to the 85% rule. In other words, even if true, the facts alleged by [movant] do not warrant post-conviction relief as a matter of law. [Movant] cites [ Missouri v. ] Frye [, 566 U.S. 134, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) ], Lafler [v. Cooper , 566 U.S. 156, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012),] and Padilla v. Kentucky , 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), for the principle that criminal defendants are entitled to receive effective assistance of counsel when deciding whether to accept a plea offer extended by the State. That a constitutional right to effective assistance of counsel in plea negotiations exists, however, does little to define the scope of that right, and the Supreme Court has declined to outline the specific obligations of defense counsel during plea negotiations. See Frye , 132 S.Ct. at 1408 ; see also Arnold v. State , [ED 102943, ]509 S.W.3d 108, 113-15 (Mo. App. 2016) (noting Frye is limited to cases where counsel failed to communicate an existing plea offer to the defendant and Lafler is limited to cases where counsel provided bad advice on whether to accept an existing offer). As for the resolution of this appeal, it is sufficient to simply reiterate that multiple Missouri cases, post Frye , Lafler and Padilla , have considered the scope of a defense counsel's obligation to inform a defendant of parole eligibility, which is a collateral consequence of the guilty plea. These cases have concluded that defense counsel may be ineffective for affirmatively misadvising a defendant about his or her parole eligibility for a particular sentence, but counsel cannot be ineffective for merely failing to inform a defendant of such consequences. Compare Davis v. State , 497 S.W.3d 307, 307-08 (Mo. App. 2016) (vacating and remanding for an evidentiary hearing where the movant rejected a plea offer and proceeded to trial after his counsel allegedly misadvised him that he would have to serve 85% of his sentence before becoming eligible for parole), with Voegtlin v. State , 464 S.W.3d 544, 554-55 (Mo. App. 2015) (holding counsel had no duty to *925 inform a defendant that he would have to serve a minimum of 40% of his sentence before becoming eligible for parole because parole eligibility is only a collateral consequence of a guilty plea); Simmons v. State , 432 S.W.3d 306, 308-09 (Mo. App. 2014) (applying the same rule to a claim that counsel was ineffective for failing to inform a defendant he would have to serve 85% of his sentence before becoming eligible for parole); Johnson v. State , 398 S.W.3d 513, 516-17 (Mo. App. 2013) (same holding); Smith v. State , 353 S.W.3d 1, 3-5 (Mo. App. 2011) (same holding). Thus, consistent with long-standing Missouri law, defense counsel cannot be found ineffective for the mere failure to advise [movant] that he was subject to the 85% rule because parole eligibility remains a collateral consequence about which defense counsel had no duty to inform [movant].
Id.
To the extent Cork is arguing Missouri law is one way but should be another, such argument is not proper before this Court. "[A]ppeals that lie initially with the court of appeals are lodged there with the understanding that the court of appeals is an error-correcting court. Such cases can be transferred to [the Supreme Court] because [the Supreme Court] is a law-declaring court." State v. Freeman , 269 S.W.3d 422, 429 (Mo. banc 2008) (Wolff, J., concurring); see also , MO. CONST . art. V, § 10.
The motion court did not clearly err in rejecting Cork's Rule 24.035 motion without an evidentiary hearing. The judgment of the motion court is affirmed.
NANCY STEFFEN RAHMEYER, C.J./P.J.-Concurs
JEFFREY W. BATES, J.-Concurs

All rule references are to Missouri Court Rules (2017).

Statutory citations are to RSMo 2000, unless otherwise indicated.

While Arata involved a Rule 29.15 motion, the principles of law discussed therein are nevertheless relevant in the present matter.