

# Missouri Court of Appeals

## Southern District

### Division Two

ANDY JOE ALTIC, JR., )
)
      Movant-Appellant, )
)
vs. )   No. SD35502
)
STATE OF MISSOURI, )   **Filed: May 1, 2019**
)
      Respondent-Respondent. )

APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY

Honorable Judge Michael O. Hendrickson

**<u>AFFIRMED</u>**

Andy Joe Altic, Jr. ("Movant") appeals the motion court's denial of his Rule 29.15[1] motion for post-conviction relief after an evidentiary hearing. Movant claims that the attorney who represented him at trial, Stephanie Bullard ("trial counsel"), was ineffective. We find no clear error in the motion court's denial of Movant's Rule 29.15 motion, and affirm.

### Background

On May 9, 2013, around 5:30 p.m., Victim and her husband drove her black 1999 Honda Accord to a store in Polk County, where they parked and left the keys in the car. When Victim's husband returned to the parking lot seven or eight minutes later,

---

[1] All rule references are to Missouri Court Rules (2018).

Victim's car was missing.  Victim's car was found later that evening in the parking lot of a church located in Greene County.

Officer Margaret Morton ("Officer Morton") testified that she viewed the store's video that showed Victim's car as it entered the parking lot, and also showed Movant entering the store shortly after Victim.  Officer Morton stated that she was dispatched to the store and arrived at 5:46 p.m.—about 15 minutes after Movant was shown entering the store according to the video's time-stamp.  Movant was no longer at the store when she arrived.

Brennen Bagwell ("Pastor"), a pastor at a Greene County church, testified that he saw a man with a parked car in his church parking lot on May 9, 2013, sometime between 6:30 and 7:00 p.m.  The man was standing behind the vehicle with the trunk open.  He identified himself as "A.J." and explained to Pastor that his car had overheated.  The car was subsequently identified as Victim's car.  Pastor later identified Movant as the man in the parking lot in both a photographic lineup and in court.

Movant was charged as a prior and persistent offender with one count of the class C felony of stealing under § 570.030.[2]  At the conclusion of Movant's bench trial, the court found Movant guilty.

Movant filed a post-conviction motion, which was amended, alleging ineffective assistance of counsel ("Amended Motion").[3]  In his Amended Motion, Movant alleged

---

[2] All statutory citations are to RSMo Cum. Supp. (2012).

[3] We have independently verified the timeliness of the amended motion as required by ***Moore v. State***, 458 S.W.3d 822, 825 (Mo. banc 2015).  In Case No. SD33137, Movant filed a direct appeal of his conviction for felony stealing.  Movant voluntarily dismissed his appeal on July 10, 2014, and a mandate was issued that day.  On August 14, 2014, Movant filed his *pro se* Rule 29.15 motion.  Movant's *pro se* motion was filed within the 90-day time limit set forth in Rule 29.15(b).  Where, as in this case, an appellant files a motion for post-conviction relief after a direct appeal is taken, the amended motion must be filed within sixty days of the date counsel is appointed.  Rule 29.15(g).  Counsel was originally appointed on September 8, 2014; therefore, the amended motion was due on November 7, 2014.  However, the amended motion was untimely filed on November 10, 2014. Movant's motion for post-

2

that trial counsel was ineffective for "erroneously convincing him he could not be convicted at trial on the charge of stealing a motor vehicle because there was no eyewitness to the crime in Polk County." He claimed this advice prejudiced him because he rejected a settlement offer based on trial counsel's advice, and is now serving a longer sentence than the one contained in the plea offer.

The motion court held an evidentiary hearing regarding the claims in the Amended Motion. Both Movant and trial counsel testified at the evidentiary hearing. The motion court entered findings of fact and conclusions of law denying Movant's post-conviction motion on April 2, 2018. This appeal followed.

## Standard of Review

When a movant in a post-conviction case is granted an evidentiary hearing, the movant has the burden of proving his claims by a preponderance of the evidence. Rule 29.15(i). This Court's review of the denial of a post-conviction motion "shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k); *see **Wrice v. State***, 485 S.W.3d 382, 384 (Mo. App. E.D. 2016). "The motion court's judgment is clearly erroneous only if this Court is left with a definite and firm impression that a mistake has been made." ***Mallow v. State***, 439 S.W.3d 764, 768 (Mo. banc 2014). The findings of the motion court are presumed correct. ***Id***. This Court gives deference to the motion court's credibility determinations. ***Arata v. State***, 509 S.W.3d 849, 852 (Mo. App. S.D. 2017).

---

conviction relief was eventually dismissed "without prejudice" for failure to prosecute, without the motion court making findings of fact or conclusions of law or determining whether an evidentiary hearing was necessary. In Case No. SD34526, this Court reversed that judgment of dismissal, and remanded this matter back to the motion court for an abandonment inquiry because of the untimely filing of Movant's amended motion. After conducting that hearing, the motion court found that Movant was abandoned by his appointed counsel, and allowed Movant to proceed on the amended motion originally filed on November 10, 2017.

## Discussion

In his sole point on appeal, Movant claims trial counsel was ineffective "by advising him to reject the State's plea offer because there was not legally sufficient evidence to convict him of the offense for which he was charged, as she neglected substantial circumstantial evidence that proved all the elements of the offense[.]" Movant argued he was prejudiced because he rejected the State's plea offer based on trial counsel's erroneous advice, and is now serving a longer sentence instead of a shorter sentence as contained in the earlier plea offer. This claim is without merit because Movant failed to prove by a preponderance of the evidence that his trial counsel advised him that he could not be found guilty and that he should try his case.

At the motion hearing, Movant's testimony centered on why he decided to take his case to trial. Movant agreed that trial counsel had discussed with him the evidence that the State would have presented at trial. When asked why he waived a jury trial, Movant testified:

> I waived the jury trial because [trial counsel] informed me that it was very – technically speaking, it was pretty simple, that they had to prove that I stole the vehicle from Polk County, Missouri. Since there was no evidence, and no one ever seen me in the vehicle, or possessing the vehicle or even like around the vehicle in this county, they could not find me guilty no matter what, and in Greene County they had a tampering charge if anything. And once she presented that to the Judge, that we would not, you know, I could not be found guilty.

Movant stated that trial counsel had informed him that "the only thing [the State] had was weak circumstantial evidence" and that "in itself was not enough to convict me of the charge." Movant stated that trial counsel advised him not to plead guilty, but he agreed that it was his decision whether or not to plead guilty.

4

Regarding the State's plea offer, Movant clearly stated that trial counsel had discussed a plea offer with him, with terms of 120 day shock incarceration with a seven-year sentence "backup" or a five-year sentence.[4] Movant stated "I can't say I didn't want an offer. I mean, if I knew I was going to be found guilty, I mean I would have gladly accepted [the State's] offer." Movant testified that trial counsel "said that there is no reason to take the offer because once we took it to a bench trial that I wouldn't be found guilty." He further stated that trial counsel's advice "absolutely" influenced his decision whether to accept the State's offer.

Trial counsel also testified at the post-conviction hearing. She testified that her theory in the case was "that no one saw [Movant] take the car. So, we were going to argue reasonable doubt." When asked if she had made recommendations to Movant about going to trial or taking an offer, counsel testified that:

> I don't recall any specific conversations with [Movant], my general practice is to present all of the facts to the clients, and let them make the decision. Under those circumstances, I believe I would have advised him that [the plea offer] is a good offer, but I do know that [Movant] was very consistent about not pleading guilty or being found guilty.

Trial counsel testified that it was not her standard practice to promise her clients a "particular outcome at trial" and that she would not have done that. She testified it was her "standard practice" to explain "circumstantial evidence and reasonable inferences" and to discuss the strengths and weaknesses of her client's cases.

The motion court entered findings of fact and conclusions of law denying Movant's post-conviction motion. The motion court did "not find the Movant's testimony credible." The motion court found trial counsel's testimony "generally

---

[4] The record on appeal does not contain a copy of this plea offer. However, the terms of the offer were testified to by both Movant and trial counsel and are not in dispute.

credible." The motion court found that trial counsel did not "advise the Movant as to a particular result" or "tell Movant that he could not be found guilty of stealing" or tell Movant that he should try the case. Further, the motion court found that trial counsel presented "Movant with appropriate and competent legal advice before trial which included discussion of the plea offer and of the weaknesses of the State's evidence." It found that "sufficient evidence exists . . . that trial counsel presented and discussed the plea offer with Movant[,]" and that "trial counsel did not attempt to convince the Movant to go to trial and reject the offer as suggested by the Movant."

The motion court further found:

Evidence established that trial counsel appropriately discussed with Movant the fact that the State's case was circumstantial and advised her belief that it was not enough to convict. However, trial counsel testified though that it was her practice to present all facts to defendants and let them make decisions.

The motion court concluded that "trial counsel was neither deficient in the advice she gave Movant before trial nor deficient in strategy in trial[,]" and the motion court denied his Amended Motion. Movant appealed.

A criminal defendant is entitled to effective assistance of counsel during plea negotiations. **Williams v. State**, 367 S.W.3d 652, 654 (Mo. App. E.D. 2012) (citing **Missouri v. Frye**, 566 U.S. 134, 140 (2012)). Thus, a criminal defendant may be able to obtain relief after a fair trial if he can prove his attorney's deficient performance caused the defendant to reject a favorable plea agreement. **Williams,** 367 S.W.3d at 655-56 (discussing **Lafler v. Cooper**, 566 U.S. 156, 160-66 (2012)).

To show ineffective assistance of counsel, Movant had the burden of proving that: "(1) his counsel failed to exercise the customary skill and diligence that a reasonably

6

competent attorney would exercise under similar circumstances; and (2) his defense was prejudiced as a result of that deficiency." ***Hardy v. State***, 387 S.W.3d 394, 400 (Mo. App. S.D. 2012) (citing ***Strickland v. Washington***, 466 U.S. 668, 687 (1984)). For Movant to succeed in his challenge that trial counsel's performance was deficient, he "must overcome a strong presumption that counsel's conduct was reasonable and effective." ***McLaughlin v. State***, 378 S.W.3d 328, 337 (Mo. banc 2012). This Court need not address both the performance prong and the prejudice prong under ***Strickland*** if the movant has failed to make a sufficient showing on either prong. ***Taylor v. State***, 382 S.W.3d 78, 81 (Mo. banc 2012). We need not address whether Movant suffered prejudice because our finding is that the motion court's decision was not clearly erroneous.

Here, Movant testified that trial counsel "said that there is no reason to take the offer because once we took it to a bench trial that I wouldn't be found guilty." Movant admitted, however, that trial counsel had discussed the plea offer with him. He also stated that trial counsel had explained to him that "the only thing [the State] had was weak circumstantial evidence . . . [a]nd that in itself was not enough to convict me of the charge." The motion court did not find Movant credible.

Here, trial counsel testified as to her normal practice. She testified that it was not her standard practice to promise her clients a "particular outcome at trial" and that she would not have done that. She testified that although she didn't recall having a specific conversation with Movant explaining circumstantial evidence, it was also her "standard practice" to explain "circumstantial evidence and reasonable inferences" as "part of the discussion in a case like this[.]" It was her standard practice to discuss the strengths and weaknesses of her client's cases. The motion court found trial counsel's testimony

7

generally credible. The motion court found that trial counsel had reviewed the evidence with Movant prior to trial, and that she did not advise him "as to a particular result" nor tell Movant that "he could not be found guilty of stealing." This Court presumes that the motion court's findings are correct and defers to the motion court's credibility determinations. *See* ***McFadden v. State***, 553 S.W.3d 289, 298 (Mo. banc 2018). On Movant's ineffective assistance of counsel claim, "the motion court is free to believe or disbelieve any evidence, whether contradicted or undisputed." ***Savick v. State***, 461 S.W.3d 63, 66 (Mo. App. S.D. 2015).

Movant argues that trial counsel's advice may have been "given in ignorance of the law regarding sufficiency of the evidence for criminal convictions" and was therefore not reasonable. Here, the motion court found that "trial counsel appropriately discussed with Movant the fact that the State's case was circumstantial and advised her belief that it was not enough to convict." Trial counsel testified that since Movant wanted to go to trial, her theory in Movant's case was "to argue reasonable doubt." This Court's review of counsel's performance is "highly deferential" and the presumption that "counsel's conduct falls within the wide range of reasonable professional assistance" serves to "eliminate 'the distorting effects of hindsight.'" ***Bright v. State*** 4 S.W.3d 568, 569 (Mo. App. S.D. 1999) (quoting ***Strickland***, 466 U.S. at 689). The fact that trial counsel believed her trial strategy would succeed, even though it did not ultimately persuade the trial court, does not necessarily mean that her advice to Movant regarding the case's strengths and weaknesses rendered her performance ineffective under the ***Strickland*** performance standard. We are not left with a definite and firm impression that a mistake has been made.

We find that Movant failed to prove that the motion court clearly erred when it denied him post-conviction relief.

**Decision**

The judgment of the motion court is affirmed.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

DANIEL E. SCOTT, J. – CONCURS

WILLIAM W. FRANCIS, JR., P.J. – CONCURS